Thayer *v.* Lyman et al.

NELSON THAYER *v.* A. P. LYMAN. AND TRUSTEE, THE TOWN OF WOODFORD.

*Towns. Selectmen. Town Treasurer. Trustee Process. Principal and Agent.*

Notice to a majority of the selectmen of a town, or to the town treasurer, of the assignment of a town order, is sufficient to prevent its attachment by the creditors of the assignor by means of the trustee process.

If the assignee of such an order authorize an agent to present it to the town treasurer for payment, that constitutes sufficient authority to the agent to notify the treasurer of its assignment to his principal.

TRUSTEE PROCESS. The case was referred to a commissioner who reported the following facts :

The writ was served on the trustee on the 14th of August, 1861. On the 3d of August, 1860, a town order was drawn by two of the selectmen of the town of Woodford upon the treasurer of that town for ninety-two dollars, in favor of the defendant, to whom it was delivered on the day of its date. This order is the one referred to in the opinion of the court as order B. On the same day the defendant sold this order to Henry G. Root, who sold it to William E. Park. Before the service of the trustee process Park notified two of the selectmen of Woodford that the order had been transferred to him.

On the 29th of June, 1861, another town order for $30,32 was drawn by two of the selectmen of Woodford upon the treasurer of that town in favor of the defendant, and delivered to him within two or three days after its date. Within four or five days afterwards the defendant sold this order, which is designated in the opinion of the court as order C, to Henry G. Root. Root caused this order to be presented to the treasurer of the town of Woodford for payment on the 17th of July, 1861, by William E. Park, who at the same time told the town treasurer that the order belonged to Root. The commissioner reported that he found the fact of the notice by Park to the town treasurer that the order belonged to Root, solely upon the testimony of Park, which on this point, was as follows : " I presented order C. to the treasurer of the town of Woodford, and demanded

payment thereon, July 17, 1861. The order belonged at the time to Henry G. Root. He handed it to me. I do not know whether I informe l the treasurer at the time that the order was mine or Mr. Root's. I did one or the other. I cannot say that I told him that the order had been transferred from Mr. Lyman to Mr. Root. I told him the order was mine or Root's, one or the other."

Upon the commissioner's report the county court at the June Term, 1862, KELLOGG, J., presiding, decided that the trustee was not chargeable upon order B. To this decision the plaintiff excepted. The county court also decided that the trustee was chargeable upon order C., and to this decision the trustee excepted.

*James B. Meacham* and *G. W. Harmon*, for the plaintiff.

*E. J. Phelps*, for the trustee.

ALDIS, J. The plaintiff sued the principal debtor, and summoned the town of Woodford as trustee upon two town orders. Both had been assigned by the principal debtor. As to the order B. the assignee gave due notice to the selectmen (that is to two of them,) but gave no notice to the town treasurer of the assignment before the service of the trustee process. The plaintiff claims that notice of the assignment must be given to the town treasurer on whom the orde were drawn and by whom they were to be paid, and that notice to the selectmen is not enough. But we think notice of the assignment, either to the selectmen or to the treasurer, is good and sufficient to protect the right of the assignee against the trustee process.

Theoretically the treasurer is the officer to pay—practically he does little but protest for non-payment. The selectmen are especially the financial agents of the town. While the debt of the defendant against them was in an account, it was for them to examine and settle it and direct it to be paid. They are bound to keep a record of all orders they draw on the treasury, and hence have the means of knowing what orders are given and to

whom. The treasurer can not know till the orders are presented to him.

If a trustee process is brought against the town it is to be served on the town clerk. It would be his duty to give notice of it to the selectmen ; and it would be their duty and they would have the means of examining the matter and ascertaining if the town is liable. They have "the general supervision of the concerns of the town," sec. 43, C. S. chap. 15 ; draw orders for the payment of the debts of the town, sec. 48 and 49 ; and audit and allow all claims against the town, sec. 48, and present to the town at their annual meeting a statement of the property, finances and pecuniary situation of the town, sec. 50 ; all duties not committed to any particular officer and required by law, are thrown upon them, sec. 43.

If for any reason a town order which has been issued, ought not to be paid to the holder, it is obvious that it would be their duty to inform the treasurer and collector not to pay it, and the discretion to act and decide in the matter is by the necessity of the case confided to them. So too it seems to us that one holding a town order by assignment, if he wished to prevent the town from paying to any body else, should give notice to the selectmen,—within whose authority it would lie to act upon the notice.

The right to act and direct as to the payment of the debts of the town, unless otherwise limited or restrained by the town or by law, must rest with them, and does not pass away from them by their giving a town order.

But we also think that notice to the treasurer, he being the officer who by law is to pay town orders, would be sufficient. It would be his duty to inform the selectmen of such notice that they might act upon it as they deemed best.

We think, therefore, that the judgment as to the order B, by the county court was right, as notice to the selectmen was sufficient.

As to order C. Notice to the treasurer was found by the commissioner ; and the evidence of Mr. Park coupled with the fact that the order belonged to Root and that therefore it is probable he would say it was Root's, and would not say it was his own,

justifies the finding of the commissioner. If he was authorized by Root to demand payment, that was sufficient authority to give notice of the transfer of it to Root by Lyman.

The judgment of the county court is reversed as to order marked C, and judgment that the town of Woodford is not liable as trustee of the principal debtor, and the trustee to recover its costs.