THOMPSON v. DOWNING; THE TOWN OF WASHINGTON,
TRUSTEE; EMERY, CLAIMANT.*

### Trustee Process.

Overseer of the poor gave defendant an order on the town treasurer for the amount
due him for keeping a pauper. Defendant transferred the order to the claimant,
who notified the overseer thereof. *Held*, that such notice was not sufficient as
against the trustee process.

TRUSTEE PROCESS. Trial by the court, December Term, 1874,
POWERS, J., presiding.

Previous to February 20, 1874, the defendant, who resided in
Washington, had boarded a pauper belonging to that town, at the
request of the overseer of the poor, for which the town owed him
$59 05. At that time the defendant was owing the claimant that
amount or more. The defendant desired and proposed to the
claimant to let the claimant have his claim against the town
towards what he was owing him. On the said 20th of February,

---

*Decided at the March Term, 1875.

one Watson, the overseer of the poor of said town, was at defendant's house for the purpose of settling with him, and did settle with him, and ascertained the sum due to defendant to be the sum aforesaid. The claimant was then present, and the overseer then proposed to give defendant an order for the amount due him, and defendant thereupon informed the overseer that he was owing the claimant, and had agreed to let him have his claim against the town, and requested the overseer to draw the order in favor of the claimant. The overseer declined to do so, saying that defendant could let claimant have the order, and it would be just as well for claimant; and thereupon the overseer drew an order on the treasurer, and handed it to defendant, and defendant immediately, in presence of the overseer, delivered it to the claimant, in part payment of what he was owing him, and the claimant accepted the same, and has kept it ever since and now owns it.

The overseer and the claimant left the house together, and immediately after leaving, the claimant notified the overseer that he held the order, and the overseer understood that he held it as his own, in payment of what defendant was owing him.

The next day the claimant called on the town treasurer to pay the order, and the treasurer informed him that the town had been trusteed. The town was trusteed after the order was delivered to the claimant, but before the claimant presented it for payment. No other notice was given by the claimant that he owned the order, till after the town was trusteed.

The court ruled that the notice was sufficient, if the overseer was the proper person to be notified; but held that the notice should have been either to the selectmen or the town treasurer, and adjudged the trustee liable. Exceptions by the claimant.

*Hebards*, for claimant.

*H. A. White*, for plaintiff.

The opinion of the court was delivered by

Royce, J. The only question presented is, whether the notice given by the claimant to the overseer of the poor of the town of

Washington, will prevail as against the attachment of the plaintiff. Overseers of the poor have no general authority to draw orders upon the treasurer, and thus bind the town for their payment. Their duties are defined ; and no authority is conferred upon them to draw orders except in cases provided for in s. 33, c. 20, of the Gen. Sts. It is provided by that section that the accounts of overseers shall, within fifteen days after the termination of their office, be exhibited to their successors in office, and such successors, in conjunction with the town auditors, shall settle and adjust the same ; and if upon such settlement there shall be found to be a balance due to the overseer going out of office, the overseer in office shall draw an order on the treasurer for the amount. So that it stands the same as if the overseer had simply made a settlement with Downing, and ascertained the amount due from the town to him, and upon a sale of the claim by Downing to the claimant, the claimant had notified the overseer of such sale. Such a notice would not be available as against an attachment by the trustee process ; and upon the authority of *Thayer* v. *Lyman & Tr.* 35 Vt. 646, it would seem that the only notice that the claimant could have given that would prevail against the attachment, must have been to the selectmen or treasurer.

Judgment affirmed.