BURDITT BROTHERS *v.* J. E. PORTER ET AL.

*Trustee process.    Notice of assignment.    Selectmen.    Acceptance.*

1.  While a debtor is not compelled to recognize partial assignments by the creditor, the right to refuse to do so is personal to the debtor, and cannot be insisted upon by a plaintiff who has sued the creditor and trusteed the debtor.

2.  Notice to the chairman of the selectmen by the assignee of the assignment of a debt against the town is good.   It need not be given to a majority of the selectmen.

3.  It is not necessary that an order upon a town should be accepted in order to protect the fund from trustee process.

Exceptions from the Rutland Municipal Court, Butler, J.

The action was assumpsit against the principal defendant and the town of Rutland, trustee.   H. A. Edson and E. Dana entered as claimants.   Trial by court.   Judgment for the plaintiff as against the principal defendant.   As to the trustee, judgment that the funds belong to the claimants, and that the trustee be discharged.   To the action of the court in discharging the trustee the plaintiff excepts.

The case appears in the opinion.

*Geo. E. Lawrence,* for the plaintiff.

The defendant could not divide the assignment of his claim against the town.

*Carter* v. *Nichols,* 58 Vt. 553.

*Edward Dana,* for the claimants.

Dana's order was good as against trustee process.   Only the town could object to the partial assignment.

Notice to the chairman of the selectmen was notice to the town.

*Claflin* v. *Kimball*, 52 Vt. 6 ; *Thayer* v. *Lyman*, 35 Vt. 646.

The opinion of the court was delivered by

TYLER, J.   The defendant was in the employ of the town of Rutland, trustee, assisting its listers.   On the 8th day of April, 1890, for a sufficient consideration he executed and delivered to the claimant, Edson, an assignment of all his wages then due and that should thereafter become due while engaged in such service. April 17th the listers gave the defendant an order on the selectmen for twenty-five dollars on account of his work, which, on or about the day of its date, he endorsed over and delivered to the claimant Dana, with the knowledge of Edson, and with his consent that it should take precedence of his order.   Dana immediately gave notice to three of the five selectmen of the endorsement to him, and sometime after this notice was given and before the service of the writ in this suit upon the trustee, Edson gave notice to the chairman of the selectmen of his order from the defendant.   The writ was served upon the trustee on the 2d day of May, 1890, at which time the defendant had rendered services to the trustee to the amount of $52.50, which was more than the amount of the plaintiff's debt and his costs of suit.   There was no acceptance by the selectmen of either of these orders, nor a refusal to accept them.

The plaintiff's counsel insists that the Dana order was invalid because it operated to sever the defendant's debt; that the Edson order was void as against the trustee process, because notice of it was not given to a majority of the selectmen, and that both orders were void for the reason that they were not accepted.

1.   The defendant could not, without the trustee's consent, have made separate assignments and thereby subjected the latter to the inconvenience and expense of adjusting different demands

against it for the same debt. The controversy, however, is not between the plaintiff and the trustee, but between the plaintiff and the claimants. The trustee holds itself in readiness to pay the money in its hands to whomsoever it belongs. The question of the right of the creditor to sever the debt by assignments does not arise here as it did in *Carter* v. *Nichols,* 58 Vt. 553. The plaintiff cannot raise the question of severance, for it is solely the right of the debtor to have the entirety of its indebtedness preserved.

2. No question is made but that the notice from claimant Dana to the selectmen was sufficient to protect his order from the trustee process, but it is insisted that the notice from claimant Edson to selectman Kingsley was insufficient to have that effect.

In *Thayer* v. *Lyman et al.,* 35 Vt. 646, the plaintiff claimed that the notice was invalid because it was not given to the town treasurer. It was given to two of the three selectmen and was held good, and it was also held that it would have been good had it been given to the treasurer.

While one selectman cannot, without the concurrence of a majority of the board, bind his town by his contract, we see no valid reason for holding that notice of the assignment of a debt against a town must be given to a majority of the selectmen. Notice to one of them is in legal effect notice to all, and to the corporation for which they act. The selectmen are by statute made the financial agents of the town and charged with the general supervision of its affairs. When a notice affecting the town's liability is given to a member of the board, it is given for the town and it becomes the duty of the member notified to communicate the notice to his associates. It is well settled that notice to an agent of a party, whose duty it is as such agent to act upon the notice, or to communicate his information to his principal in the proper discharge of his trust as such agent is legal notice to his principal. This rule applies to the agents of corporations as well as to those of private persons. As a general rule, notice to

an agent, in the course of the transaction in which he is acting for his principal, of facts affecting the nature and character of the transaction is constructive notice to the principal. The principal is deemed to have notice of whatever is communicated to his agent while acting as such in the transaction to which the communication relates. *Porter* v. *Bank of Rutland*, 19 Vt. 410. A town can receive notice only through its officers or other agents, and it therefore becomes the duty of the agent to communicate the notice received by him to the persons who may be called upon to act with reference thereto. *National Bank* v. *Norton*, 1 Hill, 572; *Bank of U. S.* v. *Davis*, 2 Hill, 451; *Fulton Bank* v. *N. Y. & Sharon Canal Co.*, 4 Paige Ch. 127; *Suit* v. *Woodhall*, 113 Mass. 391; *National Security Bank* v. *Cushman*, 121 Mass. 490.

3. No reason has been or can be assigned, why the selectmen should have accepted the orders to give them force and effect. The law does not confer upon the debtor the power to determine whether or not his creditor may sell and assign a debt against him and at his option defeat an assignment. One may sell a debt as well as a chattel, but to render a sale of a debt valid against creditors, who may seek to attach it by trustee process, notice thereof must be given to the debtor. Our statute, R. L. 1134, recognizes this right in the creditor and only gives the trustee, with the other parties to the trustee process when suit is brought, the right to contest the validity of the assignment. On this point see cases cited on page 717, Rob. Dig.; *Claflin* v. *Kimball*, 52 Vt. 6.

*The judgment that the trustee be discharged and that the funds in its hands are the claimants', is affirmed.*