[No. 5562.]
[No. 3240 C. A.]

THE BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY v. SCHRADSKY.

1. Mandamus—Counties—County Commissioners—Levy of Taxes for Payment of Judgments.

Unless forbidden by statute, mandamus will lie in this state under proper circumstances to compel the levy of taxes to pay judgments against a county.—P. 86.

2. Same.

3 Mills' (Rev.) Stats., §§ 780a et seq., authorize the board of county commissioners to issue bonds in satisfaction of a judg-

ment against the county, to be exchanged dollar for dollar for the judgment and interest, if acceptable to the judgment owner, or, if not so acceptable, to be sold and the proceeds therefrom applied on the judgment and interest. Held, that the statute is not exclusive, and does not prohibit resort to any legal remedy theretofore existing for the collection of such judgments, its purpose being to furnish the county with additional means to raise funds to pay such judgments, and not to forbid legal remedies previously existing.—P. 87.

**3.  Election of Remedies—Acts Constituting Election.**

. A judgment was obtained on interest coupons attached to certain outstanding county bonds, issued pursuant to a funding statute similar to the act of 1899, for the purpose of paying another judgment against the county rendered prior thereto; both statutes providing for the levy of a tax annually to pay the interest on bonds issued thereunder. Held, that the owner of the interest coupons, by obtaining judgment thereon, did not make an election of remedies so that she cannot compel the levy of a tax to pay such judgment, although she might have enforced such levy to pay the interest coupons in the first instance.—P. 88.

**4.  Mandamus—Nature—Discretion in Issuing Writ.**

Petitioner brought mandamus to compel the board of county commissioners to levy a tax to pay her judgment against the county, and the answer showed the county to have a total of debts and current expenses amounting to 13⅓ per cent. of its assessed valuation; but more than three-fourths of such indebtedness was represented by funding bonds, the payment of which might extend over a period of 20 years. Held, that, although the indebtedness was large, there was no such abuse of discretion or violation of settled principles in granting the writ as would warrant interference by the appellate court.—P. 89.

*Error to the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Mandamus by Frieda Schradsky against the board of county commissioners of Lake County to compel it to levy a tax sufficient to pay her judgment against the county. From a judgment for relator, defendant brings error.    *Affirmed.*

Mr. CHARLES CAVENDER and Mr. JAMES GLYNN, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE HELM delivered the opinion of the court:

The judgment under consideration was in mandamus compelling plaintiff in error to levy a tax sufficient for the payment of another judgment previously entered against Lake county for $11,404.75. To the petition filed in this case an answer was interposed; to that answer petitioner demurred generally; this demurrer was sustained and, as plaintiffs in error declined to amend, the present judgment was entered requiring them to make the tax levy. `

It is contended that the court below erred: 1st, because the funding bond act of 1899 (3 Mills' [Rev.] Stats., § 780a. *et seq.*) furnishes the exclusive method for paying such judgments, and mandamus can no longer be invoked; and 2nd, because the answer to which the demurrer was sustained shows that the county was virtually bankrupt; and owing to such financial condition this sort of relief should not have been given.

Unless forbidden by statute, mandamus lies in this state under proper circumstances to compel the levy of taxes to pay judgments against a county.— *Stoddard, Treas., v. Benton,* 6 Colo. 517.

Hence the first of these objections is necessarily limited to the statute referred to. This statute authorizes the board of county commissioners to issue bonds in satisfaction of such judgments. These bonds are to be exchanged, dollar for dollar, for the judgment and interest if acceptable to the judgment owner; or, if not, then they are to be sold and from the proceeds realized the judgment and interest are to be paid.

There is no express legislative declaration making the statute exclusive; or prohibiting resort to any legal remedy theretofore existing for the collection of these judgments. Nor does the act contain any language from which such a conclusion can be fairly deduced. On the contrary, the purpose of the act is evidently to furnish the county officials named with additional. means for paying such judgments or raising the funds with which to pay them. The statute is intended to avoid the necessity for resort to mandamus or to any other legal remedy against the county.

But the judgment for the payment of which the writ of mandamus issued in this case, was obtained on interest coupons attached to certain outstanding bonds of Lake county; which bonds were themselves issued pursuant to a similar funding statute for the purpose of paying another judgment against the county, rendered previous to such funding process. The funding statute pursuant to which the bonds were issued, and the act of 1899 above mentioned, each contained a provision directing the levy of a tax annually to pay the interest on bonds issued thereunder.

Upon the last foregoing circumstance counsel predicates another argument. He says that by obtaining an ordinary judgment for this interest defendant in error made an election of remedies; that she cannot now compel the levy of a tax to pay the judgment thus obtained, even though she might, perhaps, have enforced such levy to pay the interest coupons; and that she must wait until such time as the county sees fit to issue more bonds, and by exchange or sale discharge that judgment.

The principle of election thus relied on by counsel refers to cases where two inconsistent remedies exist, and one is chosen and pursued to judgment;

as where a party affirms a fraudulent contract by suing for the price of the goods sold, instead of rescinding the contract by a proceeding to recapture such goods. In the present case it would seem as if the procuring of the judgment upon the interest coupons was superfluous; but there may have been reasons of which we are not advised by the record making that course desirable; an ordinary action may have furnished facilities for determining the validity of the interest coupons superior to the facilities furnished by mandamus; and the mere fact that defendant in error saw fit to transform the obligation from the status of a claim for unpaid interest to that of a judgment, does not justify an application of the rule thus invoked. We are not prepared to hold that under our statute the remedy in this respect is different between a judgment obtained upon county bonds, and a judgment entered upon interest coupons attached to such bonds.

The judgment upon the interest coupons is not itself challenged in this proceeding. Nor do we now inquire into the cause of action on which it rests or pass upon its regularity otherwise. For present purposes it possesses the attributes and is given the status of other judgments against the county.

Demand was duly made upon defendants in error to levy a tax for the payment of this judgment. And when they positively refused to make such levy, the present proceeding by mandamus was in order.

But it is urged under the second objection above stated that Lake county was bankrupt, and, therefore, the court grossly abused its discretion in granting the peremptory mandamus herein.

Assuming the material averments of the answer to be true, as we must, it sufficiently appears: that the total assessed valuation of the county was $6,000,000.00; that there were outstanding $625,-

000.00 in funding bonds; that the county was indebted in warrants and claims prior in time to the judgment of defendant in error to the extent of $300,000.00, which were being exchanged for funding bonds at the ratio of twenty-five cents on the dollar—thus reducing this portion of the debt upon completion of the exchange to $75,000.00. Hence it is fair to assume that the true indebtedness of the county as shown by the answer was in the neighborhood of $700,000.00. It is further alleged that nearly $100,-000.00 would be required for the current county expenses.. Thus we have a total of debts and current expenses amounting to 13 1-3 per cent. of the assessed valuation. This appears to be a large indebtedness; but it must be remembered that more than three-fourths of it was represented by funding bonds, the payment of which might extend over a period of twenty years.

Under these circumstances we are not prepared to accept counsel's assertion that the county was bankrupt, or consent to the claim that in this regard the trial court greatly abused his discretion.

"The exercise of the jurisdiction (by mandamus) rests to a considerable extent in the sound discretion of the court, subject to well-settled principles which have been established by the courts or fixed by legislative enactment."—High's Extraordinary Remedies (3d ed.), § 9; Merrill on Mandamus, § 62.

We discover nothing in the settled principles governing this remedy or in our statutes relating thereto that forbids its exercise in cases like the present. The court below might well have been influenced by the following among other circumstances above mentioned, viz.: that the judgment upon which the present proceeding was based covered interest coupons on funding bonds that had themselves been issued in payment of a former judgment; and that

although the funding statute under which those bonds were issued expressly imposed upon the county authorities the duty of making an annual levy of taxes for the payment of the yearly interest, this duty had been entirely neglected. There was here no such abuse of discretion or violation of settled principles as warrants interference by us.

The judgment will be affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.