King, J.,
delivered thei opinion of the court.
For brevity, the plaintiff in error will be Called plaintiff, as in the trial court. The Board of County .Commissioners will be called the board. Schradsky will be so designated.
Prior to the 27th day of November, 1903, a judgment had been rendered in the District Court of Arapahoe County against the'defendant'the Board of County Commissioners, of Lake County, in favor of the defendant Frieda Schradsky, for the sum of $11,496.75, and affirmed by the Supreme Court. — Lake County v. Schradsky, 31 Colo. 178, 71 Pac. 1104. The board having' refused to pay the judgment, the said Schradsky, on the 27th of November, 1903, began and thereafter prosecuted a mandamus- proceeding against the board for the purpose of compelling it to levy a tax for the payment of said judgment. The Complaint in the mandamus proceeding- ivas filed by one H. B. Johnson as attorney for Schradsky. During the pendency of the suit, and before trial; Johnson departed this life, and the plaintiff herein was employed by Schradsky, as attorney, to prosecute the suit, and it was agreed: that, as compensation for- his services, he should receive out of said judgment, when collected, an amount equal to twenty per cent of the judgment. If he *194 failed to collect, he was to receive no compensation. The judgment against Lake County aforesaid was obtained by Schradsky, in a suit upon interest coupons cut from negotiable bonds issued by the said County of Lake, both interest and principal being payable to bearer. The interest coupons had been delivered to- Schradsky by said Johnson, as collateral security for moneys advanced to him by her and one-Leo Bac'h, and the amount of the judgment was in excess of the sum required to satisfy the indebtedness for which the coupons had been pledged. (See Lake County v. Schradsky, supra.) After the employment of plaintiff herein by Schradsky to prosecute the mandamus proceeding, upon the agreement hereinbefore mentioned, a contract, dated August io, 1903, between a man named Sullivan and said Johnson, was discovered among the papers of Johnson’s estate, by which it was agreed that the said interest coupons had been by said Sullivan delivered to Johnson for sale or collection, by such means as Johnson might employ, and that Johnson had Conveyed the same to Frieda Schradsky and brought suit thereon and obtained judgment, in consideration of which, and other legal services, Sullivan assigned to- Johnson one-half of the said judgment— principal and interest — and each recognized the other as the owner of one-half of said judgment. Upon discovery of this contract, on or about May x, 4904, Bell demanded and obtained an agreement upon the part of said Sullivan and the administratrix of the estate of said Johnson, by which, for prosecuting the said mandamus proceedings to- final conclusion, plaintiff should receive, as his compensation, out of said judgment, when collected', an amount equal to twenty per cent thereof, supplementing and ratifying the agreement made by Schradsky. The suit was prosecuted to final judgment in the District Court, rendered in Schradsky’s favor November 5, 1904, which was affirmed by the Supreme Court on the 6th day of April, 1908. — Lake County v. Schradsky, 43 Colo. 84, 95 Pac. 312. The county having still failed to- pay the judgment, or to make levy therefor, the plaintiff caused the board *195 to be cited into court for contempt, for refusal to comply with the order in the mandamus proceeding; whereupon the board, paid into court, in part satisfaction of the judgment, a portion thereof which it admitted to‘ be due to> Frieda Schradsky for her interest in said judgment, but failed and refused to pay the ecpiitable or beneficial interest of said Sullivan, or the twenty per cent thereof claimed by plaintiff as his interest in said judgment, under the agreement aforesaid. Such refusal to pay was based upon an alleged assignment to the county by Sullivan of his interest in said judgment, and satisfaction therefor by reason of said assignment. Plaintiff brought this suit against the board and said Schradsky, praying for a judgment against the board for an amount equal to twenty per cent on one-half of said judgment, and that “said sum be decreed to' be a lien upon the judgment against the defendant, and in favor of the said Schradsky,” and that the county be required to pay into court that amount to satisfy plaintiff’s lien on the said judgment, and that Schradsky be required to' prosecute and enforc'e the judgment of mandamus as against the board for the purpose of collecting a sum sufficient to pay plaintiff’s demand. ^Schradsky confessed the bill. The assignment, which the board contends was an assignment of the judgment to it, was attached to the agreement between Sullivan and Johnson, hereinbefore mentioned, was dated April 2, 1906, and was in the following words:
“For value received, I hereby sell, assign, transfer and set over unto Jos. A. Lamping, County Treasurer of Lake County, Colorado, and his successors in office, for the use and benefit of said Lake County, a municipal corporation, all my right, title and interest in and to the foregoing contract, and all my rights thereunder.”
On or about the 18th day of November, 1908, plaintiff filed in the District Court of the City and County of Denver, in which court the mandamus suit was pending, a written statement constituting his claim of attorney’s lien.
*196 It was shown by the evidence of two witnesses, and not disputed, that in 1905, prior to the aforesaid assignment to Lake County, plaintiff notified the chairman of the board that he had and claimed a lien on the said judgment, and of the amount thereof; and it is also in evidence that the same statements were made to two other members of the board, and that said statements were made at a time when the said chairman and: the said members of the board were endeavoring to negotiate a settlement of said, judgment. It is also> in evidence, and not disputed, that the County Attorney of Lake County, who secured from Sullivan the assignment of the contract, knew that Bell had a claim ag'ainst said judgment, although perhaps not the amount thereof. It appears from the testimony of the County Attorney that at about the time he took the assignment, but whether before or after is not shown, he had' a conversation with plaintiff herein, in which the County Attorney inquired as to whether Sullivan had settled with Bell for his services, -and was advised that he had, and that the County Attorney understood that Bell had reference to the Schradsky judgment; but it is also shown that Bell had prosecuted suits for' Sullivan against Lake County, in Sullivan’s name, and that settlement for those services had been made, and that Bell had reference to those judgments of claims, and not tb the judgment which stood in the name of Schradsky; and it is shown that at the time of such conversation, Bell did not know that Sullivan’s equitable interest in the Schradsky judgment had been assigned to Lake County, nor does it appear that Bell knew any such assignment or settlement was contemplated.
When plaintiff offered evidence that the board had actual knowledge of his claim, objection was made and sustained, and exceptions duly reserved; the evidence was then admitted subject to being struck out if the court, after consideration of authorities to be produced, retained its opinion that the evidence was not admissible. At the conclusion of the trial, the Court sustained the objection that was made to the admissi *197 bility of the said testimony, but did not expressly strike it out,. although doubtless it was so- intended. It was found by the court that the testimony offered by Bell and his witnesses, and the-testimony of Judge Cavender (then County Attorney) for defendant, was true, as also- all other testimony, except that- of Sullivan, to- which it did not- give credit. Sullivan’s testimony was the only testimony offered! which in any material matter disputed the evidence offered by the plaintiff and his ‘witnesses. Cavender and the plaintiff differed in some respects, but not substantially upon any matter of importance. Upon such findings of fact, the -court took the case under advisement as to- the law, and later rendered judgment for the defendant c'ounty, without giving its reasons therefor.
We think it unnecessary to determine whether plaintiff secured an attorney’s lien as such by virtue of giving notice as provided by statute — Section 293 M. A. S. 1912, 242 R. S. ’08 — as the decision will turn on another point.
1. Schradsky was the legal owner of the judgment obtained against Lake County upon the interest coupons assigned to and held by her as collateral security. She held the judgment in trust, c'oupled with an interest in herself, and as such trustee was obligated to enforce payment of and collect the same. — Lake County v. Schradsky, 31 Colo-. 178, 182, It was also her right and duty to- apply the proceeds, first to the payment of the amount due her and Leo Bach, with costs of collection, and thereafter to account to- her pledgor Johnson (or Johnson and Sullivan) for any balance of said judgment in excess o-f her claim, with costs and expenses, including the attorney’s fees. Her agreement with plaintiff for a fee of twenty per cent of the judgment when collected, was within her power as such trustee, and operated as an equitable assignment thereof pro tanto to- plaintiff, and g'ave him a claim upon the specific: fund for the payment o-f his fee. — Patten v. Wilson, 10 Casey (34 Pa. St.) 299; Terney v. Wilson, 45 N. J. Law 282, 284; Ely v. Cook, 28 N. Y. 365; Williams v. Inger *198 soil, 23 Hun. 284. If there be any doubt as to the power of the trustee to make the contract binding upon the fund as to Sullivan and Johnson, that question is rendered harmless by the fact, established by the evidence, and soi found by the court, that Sullivan and the administratrix of Johnson ratified the agreement made by the trustee, or made the same agreement for themselves as to their interests. Inasmuch as the legal title to the judgment was vested in Schradsky, it was -impossible. for Sullivan, as. beneficiary, to divest her of her power over and controjof the fund', until she and plaintiff as her assignee should be paid and satisfied for the legitimate expense of executing the trust. — Ballinger v. Vates, ante 116, 140. Pac. 931. And to the extent of plaintiff’s, fee Covered by the equitable assignment of the judgment constituting the trust fund, for the purposes of this, suit plaintiff himself may be regarded as subrogated to the rights of Schradsky, which right in plaintiff she has admitted, by confession of the- bill, to- the same extent and effect as if she had joined with plaintiff in this suit. And. it follows as a logical sequence that Sullivan, by an assignment of his equity in the judgment (which, in fact, was an assignment only of a chose in action against Schradsky, represented by the contract with Johnson under which he could require from Schradsky an accounting), could not vest the County of Lake -with any other or- better interest than he himself had, nor by an assignment to the county or settlement with it of his equitable claim against Schradsky or in the judgment could he vest the county with the right or power to- defeat the claim of Schradsky, or the plaintiff as her assignee, of his interest in the judgment, with the exception, which we shall discuss, that it might be otherwise-if it should appear that the county took the assignment or made the settlement with Sullivan, without knowledge of the plaintiff’s lien and claim-, or notice that would put it on inquiry, from which knowledge thereof would result.
*199 That a contract between attorney and client for payment of the attorney out of the judgment recovered or to be recovered operates as a binding equitable assignment of that fund pro tanto, and Creates a lien upon the specific fund, -is clearly held in Terney v. Wilson, supra, citing Ely v. Cook, and Williams v. Ingersoll, supra, and other authorities.
AVe think, and hold, that the common law lien created by such an assignment, of which the judgment debtor has notice, is in no wise inferior to the statutory lien of an attorney. The'refore, the status of a judgment debtor who settles the judgment with the judgment creditor, or anyone claiming under him, without regard to the lien of the attorney, does so at his peril in either case, and in that respect the principle announced by the authorities as to the statutory lien applies also to the common law. — Custer v. Ferry Co., 5 Civ. (Proc. R. N. Y.) 146, affirmed without opinion in Custer v. Same, 98 N. Y. 660; Peri v. N. Y. Cent. & H. R. R. Co., 152 N. Y. 521, 46 N. E. 849, 850; Louisville & N. R. Co. v. Procter (Ky.) 51. S. W. 561; Fischer-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 492, 66 N. E. 397; Curtis v. Metropolitan St. Ry. Co., 118 Mo. App. 341, 94 S. W. 762.
2. Conceding, arguendo, but not deciding, that in order to sustain the plaintiff’s suit, it was necessary for the board to have notice of plaintiff’s equitable assignment of or claim .against the judgment prior to taking from Sullivan the assignment of his interest in or settling the judgment with him. we think the proof offered by plaintiff was competent andl amply sufficient to establish such notice. It was shown by uncontradicted testimony of the plaintiff and other witnesses that prior to the assignment, the chairman of the Board of County Commissioners was given actual notice of plaintiff’s claim, and of the amount thereof, and that plaintiff would insist upon its payment, and that such information was obtained at a time when the said chairman and other members of the board were engaged as agents of the county in an attempt to settle said claim. The Contention seems to be mad'e that be *200 cause this information was not given in writing', or communicated to' the board while the members thereof were assembled as a board, it is not notice to the c'ounty. This contention, we think, is untenable. It is opposed to the doctrine of agency and the effect of information coming to.. agents as applied to individuals and corporations. — D. S. P. & P. R. R. Co. v. Conway, 8 Colo. 1, 5 Pac. 142, 54 Am. Rep. 537; Jaquish v. Town of Ithaca, 36 Wis. 108, 111 ; Lake v. Ingham, 3 Vt. 158; Wharton on Agency, § 627; Clark & Skyles on Agency, vol. x, §§ 481, 490, p. 19503 Clark & Marshall on Corporations, § 718, pp. 2194, 2205.
While it is true that the Board of County Commissioners is the designated agent of the county, it is likewise true that the board cannot hear except through the ears of the individual members constituting the board, nor see except through their eyes; that each of said members while acting for the county is an agent thereof,, in a limited sense, to the extent, at least, that information coming to each member while acting for the county, may, for such purposes as are herein under consideration, be charged as notice to the county. Such seems to be the uniform holding of the courts as to' notice coming to the officials of a municipality of defects in its streets and other matters while in the course of their employment (Mechem on Public Officials, § 846) ; and even though such notice come to the officials or ag'ents while traveling the streets as private citizens. — Rehberg v. New York, 91 N. Y. 137, 43 Am. Rep. 657.; Carrington v. St. Louis, 89 Mo. 208, 1 S. W. 240, 58 Am. Rep. 108; Logansport v. Justice, 74 Ind. 378, 39, Am. Rep. 79; Cook v. Anamosa, 66 Iowa, 427, 23 N. W. 907; Wade on Notice, §§ 682, 683.
We know of no reason why the same rule should not apply .to' members of a Board of County Commissioners. It would be preposterous to hold thát the board did not know of matters, pertaining- to the subject matter here in dispute, when the. members thereof obtained such information while discussing the question in attempting- to settle the judgment as *201 agents for the county. We have stated that when plaintiff was offered as a witness to- testify to» the foregoing notice to the board, objection was made to his testimony, and the objection sustained, and thereafter the testimony was admitted, subject to- being struck out on further consideration by the court. The same testimony was offered and given by the witness Leo Bach, and admitted over objection, but without a riding on the objection. It is probable that both the court and counsel understood that Bach’s testimony was also» admitted subject to further consideration by the court. As to that, the record does not clearly show. After all testimony had been introduced, and as a< part of its final conclusion, the court sustained the objection to the testimony o»ffered by plaintiff. In this respect we think the court erred; but inasmuch as all this testimony is preserved by the bill of exceptions, and was not struck out until after both parties had rested and the cause submitted, and there is no intimation or sug'gestio»n that the board would have offered testimony controverting the same, we think the court may well regard the testimony as before the court, and undisputed, and order judgment accordingly.
But we have already held that, as to the board, plaintiff’s rights in the judgment are o»f force and effect ecpial to- the right of Schradsky, he being subrogated thereto, and that the board could not, without her Consent, settle with Sullivan and thereby defeat the right of Schradsky, or plaintiff as her assignee, to compensation out of Sullivan’s ecpiity. We assume that further elaboration is not required to» show that we recognize a clear distinction, essentially different in its effect on plaintiff’s rights, between a purchase by the board from or settlement with Sullivan, who was not a party to the suit or judgment, and a settlement if made direct-with the judgment creditor; and also- fundamentally different in the requirements as to notice of plaintiff’s share in the judgment, which Schradsky held in trust, and by every principle of equity was bound to» protect. The mere fact that the judg *202 merit was in Schradsky’s name was sufficient notice to the world that payment of the judgment to anyone else was perilous. — Ballinger v. Vates, supra. It was not incumbent upon plaintiff, in support of his claim under the equitable assignment (as distinguished from his statutory lien also pleaded) to affirmatively show in chief that the board had notice of his claim. The board was charged with notice of -such information as it would have gained by inquiry of the judgment creditor. Without making such inquiry, it may not be regarded as an innocent purchaser, in good faith and for value, and as such permitted to> offset at one hundred per cent a mere equity which it admits it purchased at thirty per cent, when the effect of allowing- such offset will be to defeat plaintiff’s legitimate claim. We think, under the peculiar circumstances presented in this case, that want of notice after due inquiry, if material, was a matter of defense, and no proof thereof having- been offered, the board cannot prevail on the question of notice, even though the testimony introduced by the plaintiff be disregarded. It might be otherwise if plaintiff’s claim depended upon a statutory lien as attorney.
3. It is further Contended that the board had been informed by'plaintiff that his claim against Sullivan’s interest in the judgment had been paid and satisfied prior to- the time it accepted the assignment thereof (a tacit admission that the board knew of the claim). This'contention is not supported by the evidence. Mr. Cavender, who- was County Attorney at the time the assignment was taken, testified that “at or about” the time the assignment was taken, but whether a few days before or a few days after, he could not state, he inquired of plaintiff as to whether he had been paid for his services rendered Sullivan, and was informed by plaintiff that he had been paid. It -does not appear that the Schradsky judgment was mentioned during that conversation. It is. shown that Sullivan had other claims, in suit or in judgment, against the County in his own name, and that in such suits the plaintiff herein had been attorney for Sullivan. Plaintiff *203 testified that he did not understand that the County Attorney had reference to the Schradsky judgment. It is shown that at the time, plaintiff had not been informed that the county had taken an assignment or made settlement of Sullivan’s interest in the Schradsky judgment, and it does not appear that he knew any such was contemplated; and the trial court found upon competent evidence that no settlement of plaintiff’s claim or interest in the said judgment had been made. While there may have been, and doubtless was, a misunderstanding' between the County Attorney and the plaintiff herein as to the settlement of plaintiff’s claim against the Schradsky judgment, there is no reason why the effect of that misunderstanding should be charged to plaintiff, particularly in view of the fact that there is no showing that it was detrimental to the board. The board could not well be prejudiced by information of that character, coming to it after it had taken the assignment and made the settlement.
Decided June 8, A. D. 1914.
Rehearing denied July 13, A. D. 1914.
4. It was not necessary to make either Schradsky (the actual judgment creditor) or Sullivan (the equitable claimant thereof under Schradsky) a party to this suit. — Louisville & N. R. Co. v. Procter, (Ky.) 51 S. W. 561.
In view of the conclusions which we have reached as hereinbefore expressed, the judgment is reversed and the cause remanded to the District Court, with! directions to enter judgment in favor of'the plaintiff in accordance with the prayer of his Complaint;

Reversed and Remanded.