PEOPLE'S BANK OF WEIR *v.* ATTALA COUNTY.

(Division B. Feb. 17, 1930.)

[126 So. 192. No. 28427.]

Alexander & Alexander, of Jackson, and **D. H. Glass,** of Kosciusko, for appellant.

Jas. **T. Crawley**, of Kosciusko, for appellee.

Argued orally by **Julian P. Alexander**, for appellant, and by **Jas. T. Crawley**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

On the 6th day of June, 1928, Attala county purchased from Clifford Waterhouse a tractor, which was delivered to the county, and has been ever since used by it in road work; but, although still retaining and using the said machinery, the county has, by an order of its board of supervisors, made and entered on the 6th day of February, 1929, wholly refused to pay for said tractor, the order of disallowance stating no reason for said refusal.

The order of the said board of supervisors made and entered on its minutes at the June, 1928, term, and on the said 6th day of June, 1928, is in the following words and figures:

"This day there came on before the board of supervisors of Attala county, Mississippi, the matter of buying a tractor for the use and benefit of Supervisors District No. 2. (Two).

"It appears that due and legal notice of the intention of this board to buy a tractor for said beat has been given according to law as shown by proof of publication of said notice duly made and which is made a part and parcel of this order as fully as if herein set out at length.

"The time arrived for consideration of the said bids, the board proceeded to open the same, when and where among other bids came on to be considered the bid of Clifford Waterhouse, who offered to furnish a Bates Forty Crawler Tractor complete for the sum of four thousand five hundred dollars delivered, said tractor being as a whole unconditionally guaranteed, the track for two years, with six months free mechanical service on tractor.

"This being the best bid offered, it is ordered that the same be accepted, and it is further ordered that the said tractor be and it is hereby purchased from Clifford Waterhouse, under the above guarantee, at and for the purchase price of four thousand five hundred dollars."

On the back of a certified copy of the order of the board above set out is the following written assignment, dated June 19, 1928, signed by Mr. Waterhouse and acknowledged on the same date before a notary:

"For value received I hereby transfer and assign the within account to Peoples Bank, Weir, Miss., this the 19th day of June, 1928."

There are several contentions of the appellee county, but they may be consolidated into three. First, the contention that the order of the board in making the purchase is not sufficient in this, that the order does not sufficiently show that the proof of publication of the notice to bidders was on file at the time of the making of the order of purchase, and that moreover the minutes must either copy the notice and the proof in full or else must set out in detail the contents of the notice and proof. We do not agree with this contention as applied to the order above set out. It is true that in making purchases for the county, in an amount such as this, the county can be bound only by an order entered on the minutes, and it is true that when notice is required to be given by the board the proof of publication must be on file at the time the order of the board is entered, Board v. Ottley, 146 Miss. 118, 112 So. 466; but strictness in verbiage is no more required of the minutes in this respect than in other respects. Strict legal technicality cannot be required of minutes of the board of supervisors, for it is not a tribunal of legal experts. Supervisors are laymen, and some indulgence must be extended to the language of their minutes. All that is required is substance and good sense in the terms used. Interpreting the recitals of the order of the board fairly under this rule of construction, the order sufficiently shows

that the notice and proof of publication was on file at the time the order was made.

Touching the further contention under this head that admitting that the order sufficiently shows that the notice with its proof was before the board, yet the order does not show except by legal conclusion that the notice and proof were in fact in such terms as to give the board jurisdiction, we say that the recital of the order contains an express adjudication of the essential legal facts, and we see no more reason that in such an order the details shall be set out than that in an order of a board adjudging that a petition contains a majority of the qualified electors the order shall recite the names or copy the petition, or that in a judgment by default a court shall set out the details of the facts of the summons and its execution upon defendant, and when and how. Such an order last' mentioned is usually in such terms as these: "And it appearing to the court that the defendant has been duly and legally summoned," or similar words and terms. The point was expressly adjudicated against appellee's contention in Hinton v. Board of Sup'rs of Perry County, 84 Miss. 536, 546, 36 So. 565.

The second contention is that, since a county can be bound only by an order on its minutes, it is essential that there should be an order entered showing that the machinery purchased had been delivered and inspected and accepted by the board, and that, in the absence of such an order, proof in pais of delivery and acceptance is incompetent. No authority is cited for this novel proposition; and, throughout generations of practical administration in this state, the suggested formality has never been deemed a requisite. The order of purchase shows a written offer or bid on the part of the seller and a written acceptance thereof by the buyer. It was com plete as a written contract, and as such bound the board when entered on the minutes, as it was entered. There is no more of necessity for an order reciting delivery

than in respect to a contract between private individuals, and certainly it would not be contended that such a contract is unenforceable, unless the parties make a second written document admitting and accepting delivery. Let us suppose the case where a county has entered into a valid contract of purchase of county supplies to be delivered in monthly installments during one year, as the county may do, and as is often done. If an order of acknowledgment of delivery and acceptance is essential, would an order be necessary for each separate installment, or shall it be when all deliveries are made, and shall the seller be without any legal rights in the meantime? And what would be his rights, if, after getting all the deliveries, the board should refuse to enter the order of acceptance, but yet retained and used the property? Appellee suggests that mandamus would lie to compel the entry of the order of acceptance. Even so, the delivery would have to be proved in parol—then why the circuity? True, there is a provision in our statutes, see section 4042, Hemingway's 1927 Code, that payments shall not be made for bridges and other public work, except after inspection and acceptance, and that this must be entered on the minutes, but the furnishing of machinery and the like is not public work; and it is significant in connection with the instant contention of appellee that the statute goes no further than as mentioned.

The third contention is that an assignment of a claim such as was made in this case is not valid as against a county without the consent of the county, and that in any event this cannot be validly done, where there is an element of guaranty or warranty between the buyer and seller. This contention is not maintainable, in view of section 717, Code 1906 (section 510, Hemingway's 1927 Code). Assignments of this nature have been expressly recognized in First Nat'l Bank v. Monroe County, 131 Miss. 828, 95 So. 726, and Canton Exchange Bank v. Yazoo County, 144 Miss. 579, 109 So. 1. See, also, Spengler v. Lumber Co., 94 Miss. 780, 48 So. 966, 19 Ann. Cas. 426.

It was error to sustain the demurrer to the declaration. The judgment is reversed, and the case remanded. Reversed and remanded.