CITY NATIONAL BANK *v.* FRIEDMAN.

4-3068

Opinion delivered July 10, 1933.

855

*Joseph R. Brown* and *James B. McDonough,* for appellant.

*Cravens, Cravens & Friedman,* for appellee.

BUTLER, J. The appellants brought this suit to recover judgment on a promissory note given by Fred Browne and others, and for foreclosure of a mortgage on property in Fort Smith given to secure the same. They also caused a garnishment to be issued on Paving District No. 16, which was served July 13, 1932.

The garnishee answered admitting that it held $123.-60 due Tancred-Browne Realty Company, a corporation of which Fred Browne is president, and $417.55 due Fred Browne individually, but that Lewis Friedman claimed the funds so held. Friedman intervened claiming to have purchased the funds from Fred Browne in his individual capacity and as president of the Tancred-Browne Realty Company. There was a judgment in his favor from which is this appeal.

The appellants contend that the funds in the hands of the garnishee had never been assigned to the intervener; that, if there had been an assignment, such assignment was never accepted by the garnishee, and that this want of acceptance rendered the attempted transfer of the funds ineffectual. Appellants also contend that the court erred in refusing to let them establish by the intervener on his cross-examination the fact that at the time of the purported assignment Browne was in serious financial

difficulties, and that Friedman was familiar with this condition. They argue that this was proper testimony, and, if admitted, would have established a fraudulent intent or collusion between Browne and Friedman to defeat Browne's creditors in the collection of their debts. Appellants lastly contend that the court erred in permitting Friedman to testify over the objection of the appellants that the money passing from him to Browne was intended as a purchase price of the funds in the hands of the garnishee, and not as a loan from him to Browne.

The evidence establishes the following facts: Browne was the owner of certain property in Paving District No. 16, and Tancred-Browne Realty Company was also the owner of property therein. They were entitled to a refund. Friedman had made some investigation regarding the refund, and knew the amounts which were due Browne and the realty company. Browne was in need of immediate cash on June 29, 1932, and, acting for himself and the realty company, sold to the appellee, Friedman, claims for a refund from said district for 75 cents on the dollar. This amounted to $400 in cash which Friedman there and then paid Browne. On the same day Browne addressed a letter to the commissioners of the district, attention Henry C. Lane, collector, as follows: "Please pay to Lewis Friedman the amount due me on the refund in the above district."

On July 2, 1932, Browne called the attention of Friedman to the fact that he had not given him an order for the realty company refund which was included in the purchase made on June 29th. Accordingly Browne addressed another letter to the commissioners, signing it Tancred-Browne Realty Company by Fred Browne, president, as follows: "Please deliver to Lewis Friedman check due us on refund in above district."

Friedman delivered these two letters to Henry C. Lane, collector and acting secretary of the commission, in the office of the commissioners, who filed them on the same dates they were written. Lane stated that he told Mr. George Dodd, the regular attorney for the city of Fort Smith, about these letters, but that he did not re-

member the date; that the commission did not have a meeting until July 16 but it was his recollection that Dodd was informed of the filing of the letters before the answer of the garnishee was made. He also stated that he told the commissioners of the filing of the orders after they had been filed, but was not able to fix any given time when this information was communicated to them.

Mr. Dodd and Mr. Henderson, one of the commissioners, testified in the case. Dodd stated that he had not heard of Friedman's claim until after the writs of garnishment were served; that he is the attorney for Paving District No. 16; that he usually attended the meetings of the commissioners, but that they might have had a meeting at which he was not present; that they had never had a meeting at which he was present when they discussed the assignment of the refunds.

Mr. Henderson stated that he had never seen the orders from Fred Browne to the district to pay the refunds to Friedman, and that the orders were never presented at a meeting of the commission prior to the date the garnishment was served; that the orders had not been accepted by him; that some time before the 15th of July, 1932, something was said, "In there one day about an order"; that he had never seen the orders, but knew they had been given, but that they had never been acted on by the board.

At the date of the purchase by Friedman from Browne of the refund, Browne was in serious financial difficulties. The appellants offered to show by Friedman that he knew of Browne's financial plight, but the court held this testimony immaterial, and sustained an objection to it.

This is the state of the case upon which the appellant's contentions are based, and with which we do not agree. The principle governing is stated in *Moore & Moore* v. *Robinson*, 35 Ark. at page 297, as follows: "It was not necessary that it should have been accepted by the appellants. To constitute an assignment of a debt, or other chose in action, in equity, no particular form is necessary, and it may be by parol. Judge Story says:

'If A, having a debt due to him from B, should order it to be paid to C, the order would amount in equity to an assignment of the debt, and would be enforced in equity, although the debtor had not assented thereto. The same principle would apply to the case of an assignment of a part of such debts. In each case, a trust would be created in favor of the equitable assignee on the fund, and would constitute an equitable lien upon it'."

In the instant case the evidence is uncontradicted that the transaction between Browne and Friedman was a purchase by the latter of the refund, and the court did not err when it permitted Friedman to so testify, and that it was not a loan, for he was simply stating a fact. The rule stated in *Moore* v. *Robinson, supra,* is thus stated in 5 C. J. p. 922, § 83, note 70: "Where draft or order is drawn in favor of a third person for the whole of a particular fund or debt, it will operate as an equitable assignment, * * * and, after notice of such is communicated to the drawee, it will bind the debt in his hands." Here it is undisputed that the orders were filed with the secretary of the commission, and this served to give it notice of the assignment of the refund to Friedman, whether the individual commissioners were actually informed of this or not. The only reason for giving any notice of an assignment of a debt to the debtor is to direct him to whom it should be paid and thus protect him from any subsequent claims by the assignor.

We are of the opinion that the court properly held the evidence of Friedman's knowledge of Browne's financial condition immaterial, in the absence of some evidence that the purchase of the refund was only colorable and made with the intent of aiding Browne in defeating his debts. *Wood* v. *Keith,* 60 Ark. 425, 30 S. W. 756. The facts justified the conclusion reached by the trial court, and its decree is affirmed.