440 P.2d 15

Cleone B. COOPER, Executrix and First Security Bank of Utah, N. A., Administrator With Will Annexed of the Estate of Joe W. Cooper, Deceased, Plaintiffs and Respondents,

v.

Davis C. HOLDER, dba Holder Engineering Company, and City of Moab, a Municipal Corporation, Defendant and Appellant.

No. 11097.

Supreme Court of Utah.

April 18, 1968.

Robert H. Ruggeri, Moab, for appellant.

L. Robert Anderson, Monticello, for respondents.

CROCKETT, Chief Justice:

The defendant City of Moab here challenges a ruling of the District Court that service upon its mayor of notice of an assignment to Joe W. Cooper of money payable by the City to the assignor, defendant Davis C. Holder, constituted notice to the City and was binding upon it.

In January of 1961, Holder borrowed $50,000 from Cooper and in March of that year entered into a contract with Moab to perform certain engineering services in the construction of water and sewer improvements. In April 1961 he borrowed $10,000 more from Cooper. As security for this second loan Holder assigned to Cooper his rights to receive the proceeds of his contract with Moab. A notice of assignment was served upon the Moab City Mayor, Kenneth E. McDougald, who accepted it and signed an acknowledgment which recited that payment would be made in accordance therewith. For some reason of which we are not aware, the City did not honor the assignment, but made the payment directly to Holder.

In October 1963 plaintiff commenced this suit against Holder for about $26,000. unpaid on the January loan, and in another count sued Moab City for $5,000 remaining unpaid upon the $10,000 loan, based on the proposition that the City had wrongfully ignored the assignment in paying money over to Holder. This appeal is taken by the City of Moab from findings and judgment against it on the latter issue.

The contention of the City is that the acknowledgment of notice of the assignment.

by the mayor should not be considered as creating any obligation on its behalf. It relies on Secs. 10–6–3, 10–6–5, and 10–6–9, U.C.A.1953, which set forth the powers of government of cities of the third class (Moab City) as vested in a mayor and city council of five who must vote on and approve "all propositions to create any liability against the City"; and Sec. 10–10–61, which requires that every contract to which the City is a party must be signed by the city recorder. Upon the basis of these statutes the City urges that the mayor himself cannot enter into any contract on its behalf and that it was therefore not bound by the assignment.

This limitation upon the mayor's authority to enter into an original contract for the City is not to be questioned.[1] There are undoubtedly sound reasons why the legislature thought that the full city council as the policy-making body should pass upon the problems involved in determining what can be done within the limits of the prerogatives of city government and its available resources to carry on the affairs of the City and provide for the needs of its inhabitants. However, when these problems have been so considered and resolved, and a contract has been entered into for that purpose, the city council's function of policy making has been fulfilled; and there is then no policy decision to be made as to whether the City will pay what it owes for the services received.

The obligation of a debtor to honor an assignment of a right to receive money payable is plainly something quite different in nature from the negotiation for and the entering into a contract for goods, property, or services in the first instance. In this case the problems involved in whether the City should enter into the contract for water and sewer improvements had been resolved when the original contract was entered into with Holder. Our concern is only with the payment by the City of money it owed for his services. Once he had acquired the right to receive the money, it was his prerogative to assign it to whomsoever he chose. When this has been done it is not essential that the debtor agree to that arrangment.[2] Except under unusual circumstances, where the assignment relates to personal services, or something of a unique character where a party would be put to a distinct disadvantage, when the obligor receives proper notice of the assignment, he must honor it. It has been specifically so adjudged where the debtor is a muncipal corporation and money due under a contract is assigned.[3]

1. 10 McQuillin, Municipal Corporations, 3d Edition, page 213; see also, News Advocate Publishing Co. v. Carbon County, 72 Utah 88, 269 P. 129 (1928).

2. 6 C.J.S. Assignments § 75, p. 1127.

3. See People's Bank of Weir v. Attala County, 156 Miss. 560, 126 So. 192 (1930) ; Hartford Accident & Indemnity Co. v. Village of Milan, 176 F.Supp. 84, District Court of Illinois, 1959.

The question then becomes whether notice to the mayor should be deemed proper notice to the City. A study of the authorities dealing with this question indicates that the requirement of proper notice is satisfied by serving it upon an official whose duty it would be to either act upon it himself or to communicate it to others who had such duty. Instructive on this point and closely related to our case is that of Bank of Spring City v. Rhea County,[4] wherein it was held that notice of an assignment to the plaintiff of the right to receive money payable on construction of a bridge given to one county commissioner was notice to "the whole body of commissioners" and binding on the county. There should be no question but that this doctrine would apply to the mayor of Moab. He is the chief executive officer of the City, Sec. 10–6–23, U.C.A.1953; is affirmatively charged with the duty of giving the council information concerning the business of the City, Sec. 10–6–24, U.C.A.1953.

From what we have stated herein it will be seen that an assignment directing the City to pay money it owes to an assignee is not the kind of claim required to be submitted to the City in accordance with Sec. 10–7–77, U.C.A.1953.[5] The City's contention in that regard is likewise without merit.

Judgment affirmed. Costs to plaintiff (respondent).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

4. (Tenn.Ch.App.), 59 S.W. 442; that notice to one member of a governing board or other appropriate officer is sufficient see Burditt v. Porter, 63 Vt. 296, 21 A. 955; Sintes v. Commerford, 112 La. 706, 36 So. 656 (1904); City Nat. Bank v. Friedman, 187 Ark. 854, 62 S.W.2d 28 (1933); Bell v. Board of Commissioners of Lake County, 26 Colo.App. 192, 141 P. 861 (1914).

5. For a statement as to the reason for this section and the type of claims requiring notice in order to inform the City and enable it to investigate and determine questions of liability and defense see statement of Justice Wolfe in the case of Moyle v. Salt Lake City, 111 Utah 201, 176 P.2d 882.