517 P.2d 1020

**MOAB NATIONAL BANK, a corporation, Plaintiff and Respondent,**

**v.**

**KEYSTONE–WALLACE RESOURCES et al., Defendants and Appellants.**

**No. 13365.**

Supreme Court of Utah.

Dec. 20, 1973.

Richard H. Nebeker, Greene & Nebeker, Salt Lake City, for defendants and appellants.

Therald N. Jensen, Price, Harry E. Snow, Moab, for plaintiff and respondent.

TUCKETT, Justice:

Plaintiff commenced these proceedings in the district court of Grand County for the purpose of recovering the balance due on a promissory note together with interest and attorney's fees. Defendants filed separate answers denying generally the allegations of the plaintiff's complaint and the defendant Gary M. Lee filed a counterclaim against the plaintiff claiming that the plaintiff had unlawfully seized monies from the defendant's checking accounts which resulted in the repossession of a truck defendant was purchasing on a contract. That the repossession of the truck caused the defendant to suffer a loss in an ore hauling business being conducted by said defendant. A change in venue was granted to Carbon County where a trial was had upon the issues.

At the conclusion of the evidence produced upon behalf of the plaintiff and the defendants the court directed a verdict in favor of the plaintiff and against the defendant Gary M. Lee for the amount due on the note together with interest and attorney's fees. The court also directed a verdict · in favor of the plaintiff and against the defendant Keystone-Wallace Resources for its failure to honor an assignment of accounts receivable by Lee to the plaintiff. The court further directed the jury to return a verdict in favor of the plaintiff and against defendant Gary M. Lee on his counterclaim, no cause of action.

The defendant Gary M. Lee moved from Nevada to Moab, Utah, in 1968 where he purchased a Ford automobile agency and formed a corporation under the laws of Utah for the purpose of carrying on that business. In November, 1970, Lee contracted with Keystone-Wallace Resources to haul ore from its mine in Lisbon Valley, San Juan County, to its mill some 10 to 12 miles distant. The hauling business was conducted by Lee under the name of Lee & Associates, a sole proprietorship. On February 25, 1971, Lee borrowed $15,000 from the plaintiff bank and as evidence of that indebtedness a security agreement separate term note was executed which recited that the bank was granted a security interest in Lee & Associates' accounts receivable and Canyonlands Ford, Inc.'s parts and used car inventory. The note was executed by Canyonlands Ford, Inc., by Gary M. Lee, and Gary M. Lee & Associates and Gary M. Lee individually. The note recited in its upper lefthand corner "in four installments at $3,000 per month, then one final payment of the unpaid balance plus interest due of 7–26–71." The terms of the

note did not include an acceleration clause. It would appear that the parties intended the note to be payable in installment in accordance with the endorsement thereon. On the date of the note Lee signed an assignment of continuing accounts receivable to secure payment of the note at maturity. The bank notified Keystone-Wallace Resources by letter of the assignment. It would appear from the reply of Keystone-Wallace Resources that it was uncertain as to whether or not the assignment covered prior or future payments. Several days after the note was executed Lee executed three security agreements in favor of the bank one of which was signed Canyonlands Ford, Inc., by Lee as president, one by Lee & Associates, and one Gary M. Lee as an individual.

The March payment of $3,000 was made when due and the bank granted an extension for payment of the April installment. At the time the May installment was due Lee requested the bank to grant a delay in its payment which was granted. On June 9, a representative of Ford Motor Credit Company informed Lee that the credit being granted to Canyonland Ford was on an unsound basis and required further security. The representative and Lee went to the plaintiff bank where Lee informed the bank that he would pay an installment of $4,000 if the bank would surrender to him the titles of four used automobiles held by the bank. Lee and the plaintiff's manager notified Keystone-Wallace Resources by telephone that $4,000 was to be paid to the bank and the balance to Lee. On June 10, after a conference between Lee and the representative of Ford Motor Credit Company it was decided that the automobile business be sold and Lee surrendered the premises and the inventory of automobiles. On the morning of June 11th Lee went to the offices of Keystone-Wallace Resources in Denver, Colorado, where he procured a check in the sum of $7,855 due for ore hauling. From the proceeds Lee made payments to Ford Motor Credit Company on three trucks he was purchasing and he also paid the employees of Canyonlands Ford and other bills after which the dealership was closed and its books and records removed.

On or about June 10 Lee had a checking account with the plaintiff bank which had a balance of $2,134.76 which sum the bank credited to the note and closed the account. As a result of the account being closed a check drawn on the account and payable to First Security Bank as payment on one of the trucks used in the haulage of ore was dishonored. The truck was thereafter repossessed by the First Security Bank. Lee claims that the closing of his checking account by the plaintiff was wrongful and that its dishonoring the check payable to First Security Bank resulted in the loss of a truck and subsequently to his being forced to discontinue the ore hauling busi-

ness. By way of his counterclaim Lee seeks to recover for loss of that business.

It is not contended here that the plaintiff is not entitled to judgment for the balance due on the promissory note together with interest and attorney's fees. The two problems presented for our consideration and determination are: (1) Is the defendant Keystone-Wallace Resources liable by reason of its failure to comply with the terms of the assignment; and, (2) Is Gary M. Lee entitled to recover on his counterclaim against the plaintiff.

■ As to the first proposition the trial court found that Keystone-Wallace Resources received notice of the assignment and it was under a duty to pay over to the plaintiff the amount due to Lee for ore haulage. It appears that the court based its determination upon the pertinent provisions of Section 70A–1–201, U.C.A.1953, which reads as follows:

(25) A person has "notice" of a fact when

(a) he has actual knowledge of it; or

(b) he has received a notice or notification of it; or

(c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.

A person "knows" or has "knowledge" of a fact when he has actual knowledge of it. "Discover" or "learn" or a word or phrase of similar import refers to knowledge rather than to reason to know. The time and circumstances under which a notice or notification may cease to be effective are not determined by this act.

(26) A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person "receives" a notice or notification when

(a) it comes to his attention; or

(b) it is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications.

We find no quarrel with the court's conclusion that the plaintiff is entitled to judgment against Keystone-Wallace resources.[1]

■ In dealing with the problem of the defendant's counterclaim the court found that the installment due on the note on May 26, 1971, was delinquent and that while the entire note was not due and payable nevertheless the plaintiff could have commenced an action to recover the past due installment and that the statute of lim-

1. Time Finance Corp. v. Johnson Trucking Co., 23 Utah 2d 115, 458 P.2d 873; Cooper v. Holder, 21 Utah 2d 40, 440 P.2d 15.

itations would commence to run against that installment on the above date.[2] Even though the note did not contain an acceleration clause nevertheless the parties elected to treat the note as an installment note and the installments became due as provided for by the endorsement on the face of the note. The delinquency under the terms of the note was greater than the balance of Lee's checking account with the plaintiff. Plaintiff was within its rights in offsetting the amount contained in the checking account against the balance due on the note.[3]

Judgment of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

2. Buell v. Duchesne Mercantile Co., 64 Utah 391, 231 P. 123.

3. Farmers and Merchants Bank v. Universal C.I.T. Cr. Corp., 6 Utah 2d 413, 419, 315 P.2d 653.