GREAT SOUTHERN LUMBER CO. *v.* JEFFERSON DAVIS COUNTY
*et al.*

(Division A. Oct. 22, 1923. .

[97 South. 545.  No. 23431.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Order of board of supervisors levy-*
   *ing school tax invalid, unless statutory petition signed by ma-*
   *jority of qualified electors filed.*

   An order of the board of supervisors levying a tax for school pur-
   poses under section 3, chapter 172, Laws of 1918, is invalid, un-
   less it appears from the minutes of the board that the petition
   therefor required by the statute, signed by a majority of the
   qualified electors of the school district, was filed with the board.

2. SCHOOLS AND SCHOOL DISTRICTS. *Defense that action against county*
   *for recovery of taxes collected is barred by an appropriation of*
   *fund must be raised by plea, and not by demurrer.*

   In an action to recover from the county and its sheriff and tax
   collector the money collected by the tax collector under an order
   of the county's board of supervisors levying a special school
   tax, which is alleged to be void, the defense that the action is
   barred, because of an appropriation by the county of the money
   sought to be recovered for the purposes for which the tax was
   levied, must be raised by plea and not by demurrer.

APPEAL from circuit court of Jefferson Davis county.

.HON. D. M. GRAHAM, Judge.

Action by the Great Southern Lumber Company against
Jefferson Davis County and another.  From an order
sustaining a demurrer to the declaration, and dismissing
the action, plaintiff appeals.  Reversed and remanded.

*Mounger, Ford & Mounger,* for appellant.

The levy of the tax in question was void.  The authori-
ties justify a recovery where the levy is void.  See 26 R.
C. L., section 410, page 454; *Peyser* v. *Mayor,* 70 N. Y.
497 (also reported in 26 Am. Rep. 624) ; *City of Grand*

*Rapids* v. *Blakely,* 40 Mich. 367 (also reported in 29 Am. Rep. 539) ; *Whitney* v. *City of Port Huron,* 88 Mich. 268 (also reported in 26 Am. St. Rep. 291) ; *Oakland Cemetery Assn.* v. *County of Ramsey,* 98 Minn. 404 (also reported in 116 Am. St. Rep. 377) ; *Johnson* v. *Crook County,* 53 Oregon, 329 (also reported in 133 Am. St. Rep. 834) ; 96 American Decisions, 172 ; 98 American Decisions, 237 ; 7th L. R. A. (N. S.) 663. There are Mississippi authorities which fully cover the point. *Tuttle* v. *Everett,* 51 Miss. 27 ; *City of Vicksburg* v. *Butler,* 56 Miss. 72 ; *Winona* v. *The Bank,* 69 Miss. 663.

In attempting to make the levy in question the board of supervisors was attempting to exercise a limited and special jurisdiction. The existence of all facts necessary to confer such jurisdiction should have been made to appear from the ordinance. But, the ordinance in question which was set out in the declaration was a general ordinance and did not refer to any law or recite any facts, and did not recite the filing of the petition, nor did it refer to the petition in any way. Nor did it show that it was signed by a majority of the qualified electors of the public school district in question or that it was signed by any qualified electors. The ordinance did not recite any jurisdictional facts whatever and was therefore void. *Wallace* v. *Tucker,* 104 Miss. 83 ; *Hinton* v. *Perry County,* 84 Miss. 536 ; *Craft* v. *De Soto County,* 79 Miss. 618 ; *Bolivar County* v. *Coleman,* 71 Miss. 832 ; *White* v. *Railroad Company,* 64 Miss. 566 ; *The Levy Commissioners* v. *Allan,* 60 Miss. 93 ; *Adams* v. *Bank of Greenwood,* 60 So. 770 ; *Evans* v. *Wright,* 89 So. 226. The petitioners invoked chapter 172 of the Laws of 1918, including section 3, which traces through the following legislation, to-wit: originating in chapter 159 of the Laws of 1912, it was amended by chapter 197 of the Laws of 1914, and in that form appears as sections 7356, 7357, 7358, and 7359 of Hemingway's Code ; and, was in turn amended by chapter 172 of the Laws of 1918, in which form it now stands. This law did not give the board of supervisors general authority to make a levy but it gave the board authority

under special circumstances to make a special levy and for special purposes only (the purposes enumerated in the section), and that it was further restricted by the words, "of the school in said district." By virtue of these words a tax could not be levied in accordance with this section for supplementing salaries of teachers, or extending the school term, or for buying furniture for the school, or for the repairing of the school building, or for fuel and other incidental expenses of a school not in said district. But the school which existed in this case and which was proposed to be maintained by the taxes levied, was not located in the district. Therefore, the authorities had no right to use chapter 172 of the Laws of 1918, as authority for making the levy.

Section 7353 of Hemingway's Code (chapter 189, Laws 1914, in effect February 14, 1914), does not apply and cannot be made authority for the taxes as levied in this case, because this section applies only to school districts which contain not less than twelve square miles. The district in question contained only a fraction more than six square miles.

Section 7352 of Hemingway's Code (chapter 195, Laws of 1916, in effect April 8, 1916), cannot be relied on as authority for the tax imposed in this case, and which is complained of because this section requires that there should be a petition of a majority of the qualified electors of the district as a basis for the attempted action. The tax which can be imposed by this section is for a special purpose only, and these differ from the purposes for which the tax may be levied under section 3, chapter 172 of the Laws of 1918. There is no general law under which the levy in question could have been made. Section 4514 of the Code of 1916, the same as section 7334 of Hemingway's Code, cannot be applicable because this applies to separate school districts only, whereas the district in question is not a separate school district, but was created as a special school district, and the order creating it as set out in the declaration designates it as a "special school district." If the district was not a law-

ful district then there could be no lawful levy of taxes for such district regardless of every other question in the case. *Thames* v. *B. S. Simpson County,* 87 So. 127.

*Livingston & Milloy,* for appellees.

Appellant's counsel cite a number of general author- ities, but finally content themselves with three Mississippi authorities, to-wit: *Tuttle* v. *Everett,* 51 Miss. 27; *City of Vicksburg* v. *Butler,* 56 Miss. 72, and *Winona* v. *Bank,* 69 Miss. 663. *Tuttle* v. *Everett,* supra, supports our con- tention exactly. The other two Mississippi authorities are not in conflict with the Tuttle case. *Lauman* v. *Des Moines County,* 29 Iowa, 310, is not in conflict. If the tax had been illegal and void and had been levied generally upon the initiative of the board of supervisors for the use and benefit of the county as a whole, if suit had been timely brought, then appellant might have recovered, but there is no case cited by appellant that would warrant a suit for the recovery of a special tax levied as this tax was levied and where the board of supervisors had nothing to do with the disbursement of the funds after the taxes had been collected.

A taxpayer cannot pay invalid taxes under protest and then recover them from the county after they have passed out of the hands of the county. *Burlington & M. R. R. Co.* v. *Buffalo County,* 14 Neb. 51, 41 N. W. 539; *Price* v. *Lancaster County,* 18 Neb. 199; 24 N. W. 705. These cases are not in conflict with *Pearl River County* v. *Lacey Lumber Company,* 86 So. 755.

The general essentials to a recovery from a municipal- ity of taxes illegally collected are, that the tax must be void; that it must have been paid under compulsion, or what may be deemed equivalent thereto; and that it must have been received to the use of the municipality from the collecting officer. *Otis* v. *Poole,* 196 Ill. 542, 63 N. E. 1053; *Lincoln* v. *Worcester,* 8 Cush. 53; *Tuttle* v. *Everett,* 51 Miss. 27; *Union Insurance Co.* v. *Allegany,* 101 Pa. St. 250. Some authorities hold that in case taxes are col-

lected under an illegal assessment, they cannot be re-
covered until the assessment is set aside. *Trimmer* v.
*Rochester,* 130 N. Y. 401, 29 N. E. 746; *Horn* v. *Town of
New Lots,* 83 N. Y. 100, 38 Am. Rep. 402. The appellant
knew when it paid the tax in question that it was a special
school tax, and, therefore, it should have appealed from
the levy or, having failed to do this, it should have en-
joined the collection of the taxes. There is no fund out
of which the county can pay the tax sued for.

The next ground of attack on this tax levy is on the
ground that it is claimed that the board of supervisors
was attempting to exercise a limited and special jurisdic-
tion and failed to state its jurisdictional facts in the order
making the levy. We are frank to confess that if the
levy had been made without the petition of a majority
of the qualified electors living within the district, the
order would have been void, but the declaration of appel-
lant states on its face that there was such a petition
*Evans* v. *Wright,* 126 Miss. 703, 69 So. 226. Therefore,
we conclude that all that was necessary in this case is
that such a petition should have been and was in fact
filed and the record as a whole made before the board of
supervisors shows affirmatively that the necessary peti-
tion was filed, and hence the necessary jurisdictional facts
do appear from the record. To hold that the tax levy for
this school district should fail because the board of super-
visors inadvertently omitted to insert in its order that
there was such a petition would actually defeat the in-
terest of the school district and would hold courts of
limited and special jurisdiction to entirely too technical
a procedure for practical purposes. *Bolivar County* v.
*Coleman,* 71 Miss. 832, distinguished. *Liddell et al.* v.
*Municipality of Noxapater et al.,* 92 So. 631, is sound
reasoning and the law. In our opinion this appeal is set-
tled by *Dye* v. *Mayor, etc. of Town of Sardis,* 119 Miss.
359, 80 So. 761.

The next objection to the levy of this tax by appellant
is that the school house was not located within the con-
fines of the school district. The order of the board shows

that the school house was located within the district and on, to-wit: Northeast quarter of Northwest quarter, section 8, Township 5, North Range 18, West. We take it that appellant is claiming that the trustees perhaps through mistake built the house just outside the limits of the district, but if such is true it in no wise affects the organization of the school district. *Keetan* v. *Clark County,* 117 Miss. 72, 77 So. 906, holds that a mistake by even the county school board in locating the school house in a consolidated district outside of the district and in another county did not render invalid the order of the board creating the district, and that such mistake should not affect the purpose and right of the board of supervisors of the county to issue bonds to erect and equip the school house. The learned circuit judge who heard this demurrer was of the opinion that it should be and was sustained, and we are of the opinion that his judgment should be affirmed by this court.

SMITH, C. J., delivered the opinion of the court.

This is an action at law, in which the appellant seeks to recover from Jefferson Davis county and R. E. Dale, sheriff and tax collector, the sum of three hundred ninety-nine dollars and twenty-three cents alleged to have been wrongfully collected from it by Dale by virtue of his office as tax collector, pursuant to an order made by the board of supervisors. The demurrer to the appellant's declaration was sustained, and the cause was dismissed.

The questions here presented for decision, and to which this opinion will be limited, may be reduced to two: First, the appellant's claim that the order under which the tax was collected is void; and, second, the appellees' claim that the appellant is estopped from maintaining this suit.

The order under which the tax was collected by Dale was one levying a special tax of three mills on property situated in the Crossroads school district for use of the school therein. The tax was paid by the appellant under protest. The declaration sets forth several grounds in

support of the appellant's claim that the order levying this tax is void; but, as the decision of the case will turn on one of them, the others will not be herein dealt with.

It appears that a petition, reciting that it was signed by a majority of the electors of the "Crossroads school district," was filed with the board of supervisors, praying for the levy of a three-mill tax on the property within the school district, as provided by section 3, chapter 172, Laws of 1918, which section reads as follows:

"On petition of a majority of the qualified electors of any public school district in a county, the board of supervisors shall levy a tax on the property of that district for the purpose of supplementing salaries of teachers, extending school term, buying furniture for the school, repairing school building, or for fuel and other incidental expenses of the school and said district."

The order of the board of supervisors levying the tax was a part of the general order by which all of the taxes for the county and its several school districts were levied, and in so far as it relates to the district here in question is as follows:

"It is further ordered that the tax levy for each of the separate districts be and the same is hereby levied and fixed as follows: . . . Crossroad school, in addition to school levy, 3 mills."

This order is void, in so far as it attempts to levy the tax here in question, for the reason that it fails to recite the facts necessary to invest the board with jurisdiction to make the order, to-wit: That a petition signed by a majority of the qualified electors of the district had been filed with the board praying for the levy of the tax. That that fact, necessary to invest a board of supervisors with power to act, must be found by the board to exist, and be set forth in its minutes, has been so often decided by this court that to cite authority therefor would be supererogatory

One of the grounds of the demurrer is:

"The declaration shows on its face that the taxes were properly and legally levied, regardless of where the school-

house may have been located, and therefore shows that these defendants are not liable for the appropriation of the funds, as, under the law, said taxes were collected by the tax collector of the county and placed to the credit of the Crossroads school district, and appropriated by the school authorities of the said Crossroads school district, and therefore plaintiff is estopped from suing these defendants, as the declaration shows on its face that it (plaintiff) paid the taxes, well knowing that said taxes would be placed to the credit of said school district and be appropriated by said school district."

The question here sought to be presented must be raised, if at all, by a plea, to which the appellant would have the right to reply; consequently we will express no opinion thereon.

*Reversed and remanded.*