BOARD OF SUP'RS OF LOWNDES COUNTY v. OTTLEY *et al.*[*]

(Divisions A.   Nov. 1, 1926.)

[109 So. 851.   No. 25889.]

(Suggestion of Error Overruled May 9, 1927.)

[112 So. 466.]

1. SCHOOLS AND SCHOOL DISTRICTS.   *Order of county board of supervisors for issuance of building bonds of consolidated school district, without proof on file of publication of election notice, held void (Laws 1924, chapter 283, sections 105, 106, 182-184, 187, 189).*

   Under Laws 1924, chapter 283, sections 105, 106, 182-184, 187, 189, it is necessary for validity of order of county supervisors for issuance of bonds of consolidated school district for school building that proof of publication of notice of election for such issuance required to be given by election commissioner, should have been on file with them at the time they declared result of election and ordered bond issue.

ON SUGGESTION OF ERROR.

2. SCHOOLS AND SCHOOL DISTRICTS. *County supervisors cannot issue building bonds of school district without adjudicating that bonds, with bonded and floating debt, will not exceed limited percentage* (*Laws* 1924, *chapter* 283, *section* 189).

The board of supervisors of a county, under the limitation of Laws 1924, chapter 283, section 189, having no authority to issue bonds of a school district to an amount which, added to the bonded and floating debt of the district, will exceed fifteen per cent. of its assessed value, its adjudication of the necessary jurisdictional fact of their not so exceeding such value is necessary to authorize it to order issuance of the bonds.

*Corpus Juris-Cyc. References: Schools and School Districts, 35Cyc, p. 989, n. 78; p. 991, n. 90.

APPEAL from circuit court of Lowndes county.

HON. J. I. STURDIVANT, Judge.

On appeal by W. H. Ottley and others, the circuit court held void an issuance of school bonds under orders of the board of supervisors of Lowndes county, and the board appeals. Affirmed.

*J. F. Frierson* and *Leftwich & Tubb,* for appellant.

I. *Was it necessary for the board of supervisors to have on file proof of publication of the notice of election?* We submit that the proof of publication of the notice of election is only another means of ascertaining by the board the fact that the election notice had been given as required by the law. This proof might have been made by the election commissioners themselves, who were present, they could have testified and, probably did, testify, before the board that they had given the required notice. Furthermore, in all probability, the newspapers were there containing the published notice.

We submit further that it was not necessary to have this notice on file at that time and it is not necessary for the board to show in any of its orders that the notice was actually given, but if there appears in the record

the proof of publication of the notice, which is usually made by the newspaper manager in the form of an affidavit with copy of the printed notice attached, then this is sufficient. Section 1640, Hemingway's Code (section 1980, Code of 1906).

There is not a word to show that any voter or any other person interested in the district was misled or in any manner injured by the fact that this proof of publication was not on file with the board when the report of the election commissioners was made and when the board ordered the bonds issued. The election had been held, the notice had been given, and it will be observed that this notice was published four consecutive weeks, giving the twenty-one days' notice, immediately next preceding the election.

.Every minute detail has been substantially complied with in this proceeding. Mere irregularities are not sufficient to invalidate the proceedings and the bonds issued and sold thereunder: *Johnson* v. *Board of Sup'rs of Yazoo County,* 113 Miss. 435; *Lincoln County* v. *Wilson,* 125 Miss. 387; *Liddell* v. *Noxapater,* 129 Miss. 513; *Welborn* v. *Board of Supervisors of Jones County,* 130 Miss. 321.; *Carter* v. *Board of Supervisors of Chickasaw County,* 131 Miss. 127.

*Loving & Loving,* for appellees.

The notice to be given for an election at the time of this proceeding could be given only under section 183, chapter 283, Laws of 1924, and yet this order required notice to be given under chapter 209, Laws of 1918. We submit that the proceeding in reference to calling the election is void, and was called under the wrong act.

It will be observed that in the report of the election commissioners no mention is made of any notice having been given by publication or otherwise. Referring to the order issuing the bonds, the order is based on the report of the election commissioners and in this order

no mention is made of any publication of notice of an election.

In the matter of an estate, a claim is not barred until proof of publication of notice to creditors has been filed. *Boutwell* v. *Farmers & Traders Bank,* 118 Miss. 50, 79 So. 1. It is true that the statute expressly requires that the proof must be filed; so does the general statute of publication. Section 3920, Code of 1906 (section 2927, Hemingway's Code) as amended by chapter 151, Laws of 1924. In any proceedings the proof of publication must be on file, or the judgment is void. Section 139, Hemingway's Code does not require proof of publication to be on file, yet this court held that it must be on file in *Oliver* v. *Baird,* 90 Miss. 718, 44 So. 35. We have been unable to find any authority to the contrary, but all examined hold that the proof of publication must be on file at the time the judgment is rendered, or it is void.

The notice of an election by publication is "the method provided by law for getting electors into court so to speak. It is the manner designated by the statute to get jurisdiction of the qualified electors of the district." *Monroe County, for the use of Splurge Consolidated School District,* v. *Minga et al.,* 127 Miss. 702, 90 So. 443. And the proof thereof must be of record. The mere fact that the record shows conclusively that a majority of the qualified electors voted for the bond issue adds nothing to the validity of the issue, if the law has not been complied with. *Barrett* v. *Cedar Hill Consolidated School District,* 123 Miss. 370, 85 So. 125.

Boards of supervisors, in matters of this kind, are courts of limited jurisdiction. "In cases of this character the jurisdictional facts must be shown on the face of the record." *Bolivar County* v. *Coleman et al.,* 71 Miss. 832, 15 So. 107; *Henry et al.* v. *Board of Supervisors of Sunflower County,* 111 Miss. 434, 71 So. 742; *Lester* v. *Miller,* 76 Miss. 309, 24 So. 193.

This cause should be affirmed.

*J. F. Frierson* and *Leftwich & Tubb,* in reply, for appellant.

I.   Counsel has raised the question that the order does not adjudicate as a matter of fact that this bond issue will not create a debt which added to the outstanding bonded or floating debt of the district will exceed fifteen per centum of the taxable property of the district.   It is true that the board here has not used the words "added to the outstanding bonded or floating debt," but it did use the language that the bond issue would not create a debt exceeding five per centum, when as a matter of fact the statute permits a debt of fifteen per centum of the assessed value of the taxable property.   In this case the Caledonia consolidated school district could issue bonds up to one hundred six thousand dollars and still be within the statute according to the findings of the board.   It is evident from the language used by the board that this bond issue creates a debt of only twenty-five thousand dollars on the district and is within five per centum of the total assessed value of the property in the district; and since five per centum of the assessed value is more than thirty-five thousand dollars, the board evidently was intending to cover this phase of the case in that order.   Besides, it would be an easy matter for the clerk of the board to execute a certificate and file it as a part of the record that there is no outstanding bonded or floating debt of the district other than the bonds in question.   This, in fact, is the usual and customary practice in bond issues we have drawn time and time again in our own experience.

II.  *The publication of the election notice.*   The statute does not require the election commissioners to make any other report than a certificate of the result of the election.   It does not provide that the election commissioners shall bring in the ballot boxes, together with the ballots used in the election, the certificate of the election

judges, the list of voters and everything of that sort, because the law presumes that the election commissioners had canvassed the returns made to them by the officers holding the election and that they shall then by a certificate filed with the board state the result, as was done in this case. The report of the commissioners here is more complete than the law requires. The law does not provide that the election commissioners shall show in their certificate or report whether or not the notice required by law was given. This is another matter of proof just like any other essential fact, brought into the record by proof. The statutes in our state provide that proof of publication of a notice filed in any court shall be sufficient evidence that the notice was thus published but this is not the only evidence upon which the court may act unless the statute in that particular matter specifically requires the proof to be filed.

We submit that none of the cases cited by counsel are authority to sustain their contentions here that this board could not proceed at the July and August meeting until this proof of publication has been filed and made a part of the record. It is a part of the record now, it was made a part of the record at the August meeting, 1925, and it thus completed the record.

Argued orally by *Geo. J. Leftwich,* for appellant.

McGowEN, J., delivered the opinion of the court.

In June, 1925, a petition was addressed to the board of supervisors of Lowndes county, asking for the issuance and sale of bonds of the Caledonia consolidated school district in the sum of twenty-five thousand dollars the purpose of which was to erect and equip a school building in Caledonia, in said county and district. At the June meeting, 1925, the board adjudicated that the petition was signed by a majority of the qualified electors of the Caledonia consolidated school district, that

said district contained not less than sixteen square miles, and that the assessed valuation of the property therein was seven hundred nine thousand two hundred thirty dollars. The order defines and describes the territory, and the governmental subdivisions of the land embraced within the district, and that the bonds, when issued, did not exceed five per centum of the assessed value of the property of the district, and sustained and granted the petition. The order further provided that it was the purpose and intention of the board at its July, 1925, meeting to issue the bonds of the district in the said sum of twenty-five thousand dollars, and to order that an election be held on July 10, 1925, at the schoolhouse of such district, at which election shall be submitted the question of whether or not the said bonds should be issued, and directed that the commissioners so hold said election, and that the clerk certify the order of the board to the said commissioners.

At the July meeting the election commissioners made their report to the board of supervisors, in which they stated that the election had been held at the schoolhouse in Caledonia, in the Caledonia consolidated school district, on Friday, the 10th of July, 1925, to determine whether or not the bonds of the school district should be issued in the sum of twenty-five thousand dollars for the erection and equipment of a schoolhouse therein; that at the election one hundred twenty-two votes were cast for the issuance of the bonds, and one hundred ten against it. This report is signed by the three election commissioners of the county, but it will be noted that said report contained no reference to giving notice as provided by law, nor was there attached thereto a reference, in any manner, to proof of publication of said notice.

Upon the filing of the report at the July meeting, the board of supervisors declared the result in favor of the issuance of the bonds, and at the same July meeting directed the bonds to be issued, fixing the denomination and maturities, and ordered the clerk to advertise for bid-

ders for the bonds, fixing Monday, the 3d day of August, 1925, for the sale of the bonds.

At the August meeting the board sold the bonds to the Meridian Finance Corporation on the above-named date, and they then set out the form of the bond. After the sale of these bonds had been entered at the August meeting, 1925, W. H. Ottley and others, taxpayers, filed a petition setting out many objections to the record in this case, protested against the issuance of said bonds, and asked the board to rescind its order directing the issuance and sale of the bonds. On the same day this protest was filed by the taxpayers, there appears in this record a proof of publication, undated, of a notice of election in the matter of the issuance of the bonds in the sum of twenty-five thousand dollars. The proof was sworn to by the publisher on the 7th day of August. This record does not disclose that this proof was ever filed; but we shall treat it as having been filed on the day of the affidavit, as it seems to have been so treated by counsel in this case. The board of supervisors declined to rescind this order and dismissed the petition, and thereafter the circuit judge of that district granted the petitioners, W. H. Ottley and others, a writ of *certiorari,* and, upon a final hearing of the matter, ordered that the action and proceedings of the board of supervisors in the matter of the issuance of the bonds of the Caledonia consolidated school district in the sum of twenty-five thousand dollars at its June, 1925, and July, 1925, term was void, and directed that the bonds be not issued.

There are many objections to the bond issue record in this case, some of which arise from the fact that the board of supervisors apparently undertook to issue these bonds under the school laws embraced in chapter 197 of the Laws of 1914 (Hemingway's Code, section 7357), and the board specifically ordered the election to be held under chapter 209 of the Laws of 1918.

We shall pass upon only one objection, believing and hoping in future proceedings the other questions raised

here will not arise. This proceeding here is to be tested by chapter 283 of the Laws of 1924, and especially sections 105, 106, 182, 183, 184, 187, and 189 thereof. Section 106, mentioned above, providing for elections in consolidated school districts, provides and stipulates that the election shall be held at the schoolhouse of the district, or, if there be no schoolhouse, at a convenient place designated by the trustees of the school, providing further that the commissioners holding the election shall have power and authority to use the poll books of such county containing the names of the qualified electors who reside in said school district and providing further as follows:

"Notice of such election and the place designated for holding same shall be given as provided in this act."

Section 183, among other things, provides that the county election commissioners shall give no less than three weeks' notice of such election in a newspaper published in the county once a week for three weeks preceding same, or, if there be no newspapers in the county, for the posting of notice for three weeks in lieu of publication, and provides especially what the ballot shall contain. We especially note this sentence:

"The county election commissioners, or two of them, shall forthwith file with the clerk of the board of supervisors a certificate of the result of said election."

Other sections provided for the board of supervisors to enter orders declaring the result of the election, and order issuance of bonds in the event the qualified electors favored same.

While the board of supervisors ordered that notice be given by the commissioner of election, it does not appear, from any of the orders of the board in this record, that the board ever adjudicated that the qualified electors had been duly and legally notified of the holding of the election. The qualified electors were entitled to this notice under the statutes in force at the time of the election. This notice was necessary in order to give the board of

supervisors jurisdiction over the qualified electors of the Caledonia district. It was necessary that the election commissioners, in their certificate of the result of the election, should show in it that notice of the election had been published in the manner and form required by law, and accompanying such report should have been a copy of said notice legally published, with proof thereof made by the publisher, as the law requires, and said notice and proof thereof should have been on file with the board of supervisors at the time the record of election was declared carried for a bond issue, and the order entered directing the issuance of the bonds. This was not done in this case. Neither the report of the election commissioners, nor the order of the board of supervisors directing the issuance of the bonds, made the slightest reference to any notice to the qualified electors of the date and purpose of the election.

Under the scheme provided by the legislature, notice was essential, and the holding of the election and proof thereof on file were essential to the validity of the order binding the qualified electors to pay the debt thereby created. The board of supervisors can only speak as to the jurisdictional facts by its written minutes. The judgment is void where the proof of publication is not on file at the time the judgment is entered. *Oliver* v. *Baird,* 90 Miss. 718, 44 So. 35. Judge ANDERSON, speaking as the organ of the court in the case of *Monroe County (Splunge Consolidated District)* v. *Minga,* 127 Miss. 702, 90 So. 443, said:

"It is argued on behalf of appellant that these cases are not controlling in the case at bar, because they are founded on the principle that the power conferred by mortgages and deeds of trust of foreclosure *in pais* is to be strictly construed, which they say has no application to the publication of notice of the election to issue bonds under the statute in question. In the opinion of the court there is just as much reason for strictness of construction in the one case as the other. The publica-

tion of the notice of election under section 2, chapter 207, Laws of 1920 (section 6662f *et seq.,* Supp. 1921, Hemingway's Code), *is analogous to due process.* [Italics ours.] The legislature could have provided for the issuance of the bonds by the local authorities without notice and without an election, but instead it chose to provide therefor. The notice provided is for the purpose of summoning the qualified electors to appear at a certain time and place and determine whether the bonds shall be issued or not. It is the method provided by law for getting the electors into court so to speak. It is the manner designated by the statute to get jurisdiction of the qualified electors of the district."

So far as this record is concerned, as shown by the minutes of the board of supervisors, there was no notice when the law required notice to be given. The orders were void, and consequently the issuance of the bonds is void, and the court below so held.

*Affirmed.*

## ON SUGGESTION OF ERROR.

COOK, J.

Counsel for the appellants have filed a suggestion of error, attacking the holding of the court that it was essential to the validity of the order authorizing the issuance of the bonds that the proof of publication of the notice calling the election should be on file, as well as the report of the election commissioners of the result of the election, and also calling our attention to the fact that it was erroneously stated in the opinion that the circuit judge of that district granted the petitioners, W. H. Ottley and others, a writ of *certiorari.*

The record shows that the cause was not removed to the circuit court by a writ of *certiorari,* but by a direct appeal. After the record was filed in the circuit court, the board of supervisors filed a motion for a writ of *cer-*

*tiorari,* to be issued to the clerk of the board of supervisors, directing him to send up as a part of the record certain papers and orders that had been omitted, and this fact occasioned the erroneous statement in the opinion that the original proceedings were instituted by writ of *certiorari.* This erroneous statement as to the origin of the proceeding did not, however, affect the conclusion reached, and we adhere to the holding that the filing with the board of supervisors of the proof of publication of the notice calling the election was necessary to authorize the board to make the order directing the issuance and sale of the bonds.

Counsel urgently request that, in the event we adhere to the former opinion, we also pass upon the validity of the proceedings prior to the order of the board directing the issuance of the bonds, in order that they may determine the right of the board to now cause the filing of the proper proof of notice of the election, and then proceed to issue the bonds without another election authorizing the same.

In response to this request it will be necessary for us to pass upon only one further objection to these proceedings of the board. In the exercise of the statutory power conferred upon boards of supervisors to issue bonds of a school district, the board is a court of limited and special jurisdiction, and in the exercise of this statutory authority all necessary jurisdictional facts must appear of record. Section 189, Laws of 1924, provides that:

"No county, rural separate, or consolidated, or other school district, . . .. shall issue bonds under the authority of this act to an amount that added to the outstanding bonded or floating debt of such county, rural separate, or consolidated, or other school district, as the case may be, will amount to more than fifteen per cent. of the assessed value of the taxable property in such county or district."

Under the limitation of this provision the board has no authority to issue bonds of a school district to an

146 Miss.—9.

amount which, added to the outstanding bonded or floating debt of such district, will amount to more than fifteen per cent. of the assessed value of the taxable property of the district, and that the bonds proposed to be issued, when added to such outstanding bonded or floating debt, will not in fact amount to more than fifteen per cent. of the assessed value of the taxable property of the district, is a jurisdictional fact which must appear on the face of the record. In the order directing the issuance of the bonds in the case at bar, the board adjudicated that the bonds proposed to be issued did not exceed five per cent. of the assessed value of the taxable property of the district, but this is in no sense an adjudication that these bonds, when added to the outstanding bonded and floating debt of the district, will not amount to more than fifteen per cent. of the assessed value of the taxable property of the district. It nowhere appears on the face of the record what, if any, the amount of this outstanding debt is, or that this debt, when added to the proposed bonds, will not amount to more than fifteen per cent. of the assessed value of the taxable property of the district, and in the absence of an adjudication of this necessary jurisdictional fact the board of supervisors was without authority to proceed to direct the issuance of the bonds.

The suggestion of error is overruled.

*Overruled.*