WEST *et al. v.* MAYOR AND ALDERMEN OF TOWN OF WAYNESBORO.*

(Division A. Jan. 14, 1929.)

[119 So. 809. No. 27599.]

*Corpus Juris-Cyc References: Schools and School Districts, 35Cyc, p. 993, n. 14.

*W. M. Hutto,* for appellants.

*Frank Clark,* for appellees.

Cook, J. This is an appeal from a decree of the chancery court of Wayne county validating a proposed issue of bonds of the Waynesboro separate school district, which said decree was entered in a certain validation proceeding under and in accordance with the provisions of section 2, chapter 28, Laws of 1917 (Ex Sess.), as amended by chapter 252, Laws of 1922.

At the regular March, 1928, meeting of the mayor and board of aldermen of the town of Waynesboro, there was filed a petition requesting the said mayor and board of aldermen to call an election in said separate school district for the purpose of submitting to the voters of the district the question of issuing bonds of said district in such sum as might be necessary, for the purpose of erecting and equipping a new school building in said district; this petition being signed by one hundred and twenty-eight citizens of the said school district. Acting upon this petition, the mayor and board of aldermen ordered an election to be held on April 3, 1928, for the purpose of submitting to the voters of the district the question of whether or not bonds to the amount of forty thousand dollars should be issued for the purpose of erecting a new school building in said district, and thereupon adjourned until March 13, 1928. It appears that notice of a special election was published in pursuance of this order, but such order is not in this record. At the March

13, 1928, meeting, the mayor and board of aldermen entered an order reciting that an error had been made in printing the notice for this special election and ordering that the time for holding such election be changed to April 10, 1928, for the purpose of permitting this error to be corrected and proper notice given, and thereupon the board finally adjourned until the regular April meeting. Thereafter a notice that such special election would be held April 10, 1928, was published, and the election was held by certain purported managers who filed a report of said election showing that one hundred and twenty-seven electors had voted for the bond issue, and one hundred and eighteen against it, and with this report there was filed proof of the publication of the notice of the election. Thereafter, in pursuance of proper notice, the mayor and board of aldermen convened in special session on April 23, 1928, for the purpose of passing the necessary orders, or ordinances, for the issuance of the bonds authorized at said special election. An ordinance directing the issuance of bonds in said district to the amount of forty thousand dollars was enacted, and the transcript of the proceedings of said board in the matter was submitted to the state bond attorney, for his approval, in accordance with the provisions of chapter 28, Laws of 1917. The said bond attorney examined the transcript and proceedings, and certified that, in his opinion, the proposed bonds were valid and legal. Thereupon the mayor and board of aldermen passed an order directing that the transcript of the proceedings, with the opinion of the state bond attorney attached, be filed with the chancery clerk, for the purpose of having such bonds validated. This was done, and proper notice given for the hearing before the chancellor; and thereupon the appellants appeared and presented their objections challenging the legality of the proceedings for the issuance of the bonds.

On the date fixed for the hearing of the matter before the chancellor, evidence was offered by the respective parties and a decree was entered continuing the hearing to a latter date for the purpose of allowing the mayor and board of aldermen to meet the objections to the proceedings for the issuance of the bonds; and thereupon the board was convened in special session and passed an order adjudicating that the bonds proposed to be issued, when added to the outstanding bonded and floating debt of the district, did not exceed fifteen per cent of the assessed value of all the taxable property of the district, as shown by the assessment rolls. This order was filed as a part of the transcript, and it was again submitted to, and approved by, the state attorney, and, upon the filing of this opinion of the bond attorney, the chancellor entered a decree validating the bonds, and from this decree this appeal was prosecuted.

The objectors challenged the regularity and legality of the proceedings for the issuance of these bonds on many grounds, only one of which it will be necessary for us to here consider, and that is that, prior to the enactment of the final ordinance directing the issuance and sale of the bonds and the hearing of the validation proceedings in the chancery court, there was no adjudication by the mayor and board of aldermen of the fact that the bonds proposed to be issued, when added to the outstanding bonded and floating debt of the district, did not amount to more than fifteen per cent of the assessed value of the taxable property of the district.

Section 189 of chapter 283, Laws of 1924 (section 2845, Hemingway's 1927 Code), provides that: "No county, rural separate, or consolidated, or other school district, . . . shall issue bonds under the authority of this act to an amount that added to the outstanding bonded or floating debt of such county, rural separate, or consolidated, or other school district, as the case may be, will amount to more than fifteen per cent of the assessed

value of the taxable property in such county or district.''
In construing this section in the case of *Board of Supervisors* v. *Ottley,* 146 Miss. 118, 112 So. 466, it was held that the fact that the bonds proposed to be issued, when added to the outstanding bonded and floating debt, did not amount to more than fifteen per cent of the assessed value of the taxable property of the district, was jurisdictional, and that, in the absence of an adjudication of this necessary jurisdictional fact, the board of supervisors was without authority to proceed to direct the issuance of the bonds of a consolidated school district. The limitation of this statute applies to all school districts, and therefore, in the absence of an adjudication of this necessary jurisdictional fact, the mayor and board of aldermen had no authority to order the issuance of the bonds of this municipal separate school district.

In the case at bar there was no attempt to adjudicate this necessary jurisdictional fact in the order fixing the amount of bonds proposed to be issued and submitting to the voters the question of whether or not the bonds of the district to that amount should be issued. When the final ordinance directing the issuance of the bonds was enacted, this necessary jurisdictional fact did not appear on the face of the record, and it was not until after the transcript of the record of the proceedings had been filed in the chancery court and the hearing of the objections to the validation of the bonds had been practically concluded that any attempt was made to adjudicate a fact that was necessary to confer jurisdiction on this board to exercise the statutory power to issue bonds of the school district. Then it was that the mayor and the board of aldermen for the first time attempted to breathe life into the ordinance directing the issuance and sale of the bonds, which was void for the want of jurisdiction to enact it, by passing an order adjudicating the fact that the amount of bonds proposed to be issued did not exceed the statutory limit. This effort to meet this

fatal defect in the proceedings came too late to confer jurisdiction to enact an ordinance directing the issuance of the bonds, and therefore this ordinance is void.

There are many other objections to the record of the proceedings of the mayor and board of aldermen, some of which raise questions that are not free from doubt, but we will not pass upon them for the reason that these alleged irregularities will probably be corrected in any subsequent proceedings for the issuance of bonds of the district.

It follows, from the views herein expressed, that the decree of the court below validating the bonds must be reversed, and the validation proceedings dismissed.

*Reversed and dismissed.*