BROOM *et al. v.* BOARD OF SUP'RS OF JEFFERSON DAVIS COUNTY.

(Division B. Dec. 17, 1934.)

[158 So. 344. No. 31525.]

Martin & Berry, of New Hebron, for appellants.

Livingston & Milloy, of Prentiss, for appellee.

Argued orally by **Martin & Berry**, for appellant, and by **W. H. Livingston**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

At the February, 1934, term of the board of supervisors of Jefferson Davis county, a petition was presented signed by more than twenty per centum of the qualified electors of the Carson Consolidate School District, praying that the statutory steps be taken by the board for the issuance of fifteen thousand dollars of bonds of the school district for the purpose of building and equipping an auditorium and classrooms, in addition to the existing school building in said district. The board examined the petition and entered an order adjudicating the fact that it had been signed by more than the required twenty per centum of the qualified electors of the district, and the board directed that an election be held in the district on March 3, 1934.

The election was held and resulted favorably to the bond issue, and the result having been certified as required by law, the board, at its March, 1934, term, entered an order directing the issuance of the bonds. In this latter order it was recited "that the assessed valuation of said Carson Consolidated School District is three hundred forty-nine thousand nine hundred dollars and that fifteen thousand dollar bond issue together with all other outstanding bond issue and indebtedness of said Carson Consolidated School District is not in excess of the ten per cent limit placed by law on the school bond issue, and all of which jurisdictional facts the board finds and adjudges to be true and correct as matters of fact."

Appellants and others protested against the issuance of the bonds, and having been overruled by the board, they appealed to the circuit court and thence to this court. They have urged, first, that the quoted order, attempting to adjudicate the jurisdictional fact that the proposed bond issue is not in excess of the limits prescribed by law, is not a sufficient compliance, in its recitals of fact, with section 6, chapter 235, Laws 1932, which forbids the issuance of school bonds which "shall result in the imposition upon any of the property in the district of any indebtedness for school purposes of more than ten per centum of the assessed valuation of such property." The seriousness of that contention is at once apparent by comparing the strict prohibition of said section 6 with the rather general quoted recital of the board on that point; but we pass to the second contention of appellants, which is the more clearly well taken, and that point is that no valid election has been held, because the board had not prior to the election adjudicated all the essential jurisdictional facts necessary to give it power to proceed, and particularly in that the board, before ordering the election, did not adjudicate, or at-

tempt to adjudicate, the jurisdictional fact prescribed by said section 6 in regard to the assessed valuations of the property of the district and that the proposed bond issue would not impose a school debt of more than ten per centum upon any of the property in the district.

It is the first and one of the most important of all the duties of courts to see to it, before proceeding in any case, that the court has jurisdiction both of the subject-matter and of the parties. Brotherhood of Ry. Trainmen v. Agnew (Miss.), 155 So. 205, 206. When a court of general jurisdiction has proceeded with a case, it will be presumed that the court has ascertained that it had jurisdiction to act, and no special adjudication thereof on the minutes of the court is required. 15 C. J., pp. 827, 828. But as to tribunals of special and limited jurisdiction, no such presumption is indulged; so that not only must such a tribunal inquire and determine whether it has jurisdiction to proceed, first before it does proceed, but there must be entered upon the minutes of the tribunal of special and limited jurisdiction the affirmative recitals to the effect that the tribunal has inquired into the facts which give it jurisdiction, and that the tribunal has found to exist every fact which is essential to the exercise of its jurisdiction in the particular matter.

In the matter of the issuance of the bonds of a school district, the board of supervisors is a tribunal of special and limited jurisdiction, and before the board is authorized to proceed with such a bond issue, three principal jurisdictional facts must be present; and, as already stated, the manner by which the existence of such jurisdictional facts is fixed in the record is by an adjudication thereof by the board, which adjudication can be evidenced only by its minutes. Board of Supervisors v. Ottley, 146 Miss. 118, 129, 112 So. 466; West v. Town of Waynesboro, 152 Miss. 443, 449, 119 So. 809. See, also, Adams

v. First Nat. Bank, 103 Miss. 744, 60 So. 770; Boutwell v. Board of Sup'rs, 128 Miss. 337, 343, 91 So. 12; Great Southern Lumber Co. v. Jefferson Davis County, 133 Miss. 229, 235, 97 So. 545; Gilbert v. Scarbrough, 159 Miss. 679, 686, 131 So. 876. Without an adjudication of the essential jurisdictional facts and the entry of that adjudication upon the minutes, the facts had as well not exist at all.

These three principal jurisdictional facts are: (1) That there has been presented to the board a petition for the issuance of the bonds, fixing the maximum amount thereof, signed by at least twenty per centum of the qualified electors of the district; (2) that the purposes for which the bonds are to be issued are of objects authorized by law; and (3) that the bonds so proposed will not impose upon any of the property in the district an indebtedness for school purposes of more than ten per centum of the assessed valuation of such property. Until these three essential jurisdictional facts are found to exist and that finding is entered upon the minutes of the board, the board has no power to proceed a step further.

It follows, therefore, that because the board had not previously adjudicated and entered upon its minutes the third essential fact above stated, it had no power to order the election upon the proposed bond issue, and its attempt subsequently and in its final order to adjudicate that jurisdictional fact cannot be made to relate back as a curative of its previous assumption to proceed without first having done that which was necessary to give it the jurisdiction to proceed. This principle was recognized in West v. Waynesboro, supra, wherein the holding which we now specifically announce was clearly foreshadowed. There the precise argument was made, as seen from their brief, 152 Miss., pages 445, 446, by those contending for the validity of the proceedings, as is made here, namely, that if the adjudication as to the assessed

valuation is made at any time before the bonds are ordered issued, this will be sufficient, but the court rejected the contention; and to hold otherwise would be to reverse the order of procedure as to jurisdiction and instead of requiring that matter first to be adjudicated, would, leave it to follow out of its proper sequence contrary to principle and to practical reason.

An election ought not be ordered, and the electors put to the trouble and expense of attending the same, to say nothing of the animosities likely to be aroused among neighbors by these school elections, until the assessments and the existing indebtedness have been examined into and adjudicated, else it may turn out later that the election was useless and should never have been called because of the actual existence of facts which, as to assessed valuations, operated to interpose insurmountable statutory inhibitions against proceeding in the bond issue at all. Moreover, a qualified elector of the district before voting had a right to be officially informed that the proposed bond issue will not exceed the limitations prescribed by law for his and his neighbor's protection; and, as we have already stated, that official information can be conveyed only by an adjudication of the board entered on its minutes.

There are several other objections strongly supported by an excellent brief, but we do not follow them out for the reason that they can be met in a new proceeding for the issuance of these bonds if the majority of the electors shall now desire to take that course.

Reversed and dismissed.