Jackson Equipment & Service Co. *et al. v.* Dunlop *et al.*

(Division B. April 8, 1935. Suggestion of Error Overruled May 20, 1935.)

[160 So. 734. No. 31632.]

L. Barrett Jones, Chambers & Trenholm, and **Niles Moseley**, all of Jackson, and **Brunini & Hirsch**, of Vicksburg, for appellants.

754

**A. L. Ford**, of Ackerman, and **McKeigney & Latham**, of Eupora, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants, Allis-Chalmers Manufacturing Company, Caterpillar Tractor Company, Ryan Manufacturing Corporation, Morrisey-Easton Tractor Company,

Jackson Equipment & Service Company, Mississippi Tractor & Equipment Company, and Mississippi Road Supply Company, filed a petition for mandamus against W. C. Dunlop, J. S. Hood, J. O. Peeples, W. F. Brewer, and J. P. Wright, members of the board of supervisors of Webster county, and W. A. Peeples, chancery clerk, and ex officio clerk of the board of supervisors of said county, alleging that the board of supervisors is charged by law with the duty of providing funds for the payment of the county's obligations.' They further allege that they are creditors of said Webster county for goods, wares, merchandise, machinery, and equipment sold and delivered to said county, and that the claims of said petitioners have heretofore been duly presented to the board of supervisors of said county and have been filed, docketed, considered, and allowed, as shown by orders of the board of supervisors entered at the December, 1931, regular term of said board, copies of which were attached as exhibits to the petition.

The claim of the Allis-Chalmers Manufacturing Company so allowed was as follows:

For the use of District No. 1................ $1,900.00
For the use of District No. 3................ 2,400.00
For the use of District No. 4................. 2,350.00
For the use of District No. 5................. 2,000.00

Total .................................. $8,560.00

The claim of the Caterpillar Tractor Company so allowed was as follows:

For the use of District No. 1................. $1,129.70
For the use of District No. 4................ 1,616.55
For the use of District No. 5................ 1,120.10

Total .................................. $3,866.35

The claim of the Ryan Manufacturing Corporation so allowed was as follows:

For the use of District No. 1.................. $4,789.69
For the use of District No. 4................  825.00
For the use of District No. 5................  766.75

Total ..................................... $6,381.44
The claim of the Morrisey-Easton Tractor Company so allowed was as follows:
For the use of District No. 1.................. $3,998.63
For the use of District No. 3................  3,960.10
For the use of District No. 4................  4,255.14
For the use of District No. 5................  3,000.33

Total .................................... $15,214.20
It was alleged that the county was entitled to a credit upon the above amount by reason of the assignment by Morrisey-Easton Tractor Company of the sum of eight thousand six hundred fifty dollars to the Allis-Chalmers Manufacturing Company, so that the balance due Morrisey-Easton Tractor Company is six thousand five hundred sixty-four dollars and twenty cents.

The claim of the Jackson Equipment & Service Company so allowed was as follows:
For the use of District No. 1................ $5,333.82
For the use of District No. 3................  1,492.75
For the use of District No. 4................  878.51
For the use of District No. 5................  911.87

Total ..................................... $8,616.95
The claim of the Mississippi Tractor & Equipment so allowed was as follows:
For the use of District No. 1................$2,781.26
The claim of the Mississippi Road Supply Company so allowed was as follows:
For the use of District No. 5..................$5,844.24

The total amount claimed by all the petitioners is forty-two thousand seven hundred four dollars and forty-four cents.

It was further alleged that at this time there is no money in the county treasury against which warrants must be drawn for the payment of said claims, and that it is the duty of the board of supervisors to issue serial bonds to provide funds to pay said claims, or to levy and collect a tax therefor, and that petitioners have respectfully requested the payment of said claims, but that the defendants have wholly failed, neglected, and refused to pay same, wherefore a writ of mandamus was prayed.

The several claims referred to as being allowed and entered were substantially the same except as to the parties and amounts. One order will be spread out here for the purpose of this opinion, same reading as follows:

"The above claim having been considered and allowed at the November, 1931, meeting of this board, but it now appearing that there were certain omissions in the order allowing same, and said claim having been duly filed and docketed, and now coming on for hearing at a regular meeting of the board, and it appearing that said claim is in all respects a legally valid and binding obligation, lawfully incurred, and now due and owing, and that the same should be allowed, it is therefore; Ordered and adjudged by the board of supervisors of Webster county, Mississippi, in regular session that the claim of Jackson Equipment & Service Company against District No. 1, of Webster county, Mississippi, for a balance due on road machinery purchased under section 1, chapter 61, page 101, Extra Session Laws of Mississippi 1928, and for road supplies purchased under section 1, chapter 206, page 274, Laws of Mississippi 1914 (section 6064, chapter 154, page 2497, Code of Mississippi 1930) in the sum of five thousand three hundred thirty-three dollars and eighty-two cents, and the same is hereby ratified, approved and allowed as a legally valid and binding obligation now due and payable out of the road fund of said

district, and the clerk will issue his warrant accordingly when permitted by law.''

The appellees demurred to the petition on the following grounds: (1) That the petition states no cause of action; (2) that the exhibits to the petition are insufficient in law to constitute a valid judgment or reason why the extraordinary writ of mandamus should issue, because said exhibits failed to show that the machinery referred to was purchased after legal advertisement, or purchased by orders of the supervisors entered on the minutes of said board, or that the same did not exceed the budget for that year; (3) that the petition did not allege, and the exhibits do not show, that the county contracted to buy said machinery; (4) that the petitioners did not allege, nor the exhibits show, that the machinery was purchased by Webster county upon competitive bids, or purchased under a case of emergency; (5) that the petition does not allege and the exhibits fail to show that at the time said machinery was purchased the said county then had the particular fund from which the allowance for payment thereof must be made in its treasury, or that said indebtedness was incurred upon a petition of a majority of the qualified electors of Webster county; (6) that the petition and exhibits affirmatively show that at the time the supervisors allowed the claims there were no funds in the treasury of Webster county by which the claims could be paid, and the orders of the supervisors were, therefore, void and of no effect; (7) that the petition does not allege that the claims sued on were for purchases made by Webster county in any legal manner, or that same were included in the budget of the county.

This demurrer was, by the circuit judge who tried the cause, overruled. The appellees then plead the general issue, giving notice thereunder that they would offer evidence to prove that there were no legal contracts existing between the parties on the minutes of the board of

supervisors, and no proof of publication, and no provision in the county's budget for the purchase of road machinery. They further set up that there were no funds in the county treasury to pay said claims at the time the alleged orders of the supervisors were made.

On the hearing, the clerk of the board of supervisors was introduced as a witness, and he testified that there was no proof of publication on file in his office, and nothing in the records of his office to show that such proof of publication was ever made. He also testified that the budget of the county for said several years when said purchases were made did not include said purchases, and that there were no funds in the treasury to pay said claims at the time the alleged warrants were issued.

The court below decided in favor of the county and against the petitioners, appellants.

The appellants did not prove that there was any publication of notice filed prior to the making of the contracts, or that there were any funds in the county treasury for the payment of said claims when the orders of the board of supervisors were passed, or that there was any provision in the county budget authorizing such expenditure of money for this purpose. The appellants stand upon the order of the board of supervisors, and contend that same is a valid judgment, and that the claims were legal, valid, and binding obligations now due and owing and should be allowed. They allege that the board of supervisors is a court of general jurisdiction; that all presumptions should be in favor of the validity of its judgments; and that they cannot be attacked collaterally.

It will be seen from the statement of the case above set forth that the petition for mandamus did not show that the steps necessary to the making of a valid contract had been taken. The order of the board of supervisors set out does not show or recite the jurisdictional facts. The

statements in the order are as easily referable to a legal conclusion as to a finding of fact, and are not sufficient to show that the law was complied with in the making of any contract, and, therefore, there is no showing of a valid contract.

Nothing is presumed, on a collateral attack, in favor of a court of limited jurisdiction, but the record must show on its face that said court had jurisdiction. Adams v. First Nat. Bank, 103 Miss. 744, 60 So. 770; Henderson Molpus Co. v. Gammill, 149 Miss. 576, 115 So. 716. The argument that the board of supervisors in this respect is a court of general jurisdiction cannot be accepted in the face of the numerous decisions of this court from the beginning of the state government holding that a board of supervisors, while acting judicially, is a court of special and limited jurisdiction, and not a court of general jurisdiction. It has always held that in making contracts the necessary conditions must be shown by the record to have existed before the judgment will be valid or the contract legal. If it was a new question, we might be inclined to hold that the board of supervisors in allowing claims against the county was a court of general jurisdiction. But, the Legislature, throughout the history of this state, has imposed conditions upon the jurisdiction of boards of supervisors. Both the statutes and the Constitution have been re-enacted several times since the court has held boards of supervisors to be courts of limited jurisdiction. Board of Supervisors v. Ottley, 146 Miss. 118, 112 So. 466; Merchants' Bank & Trust Co. v. Scott County, 165 Miss. 91, 145 So. 908; People's Bank v. Attala County, 156 Miss. 560, 126 So. 192; Austin-Western Road Machinery Co. v. Webster County, 170 Miss. 601, 154 So. 723; Broom v. Board of Supervisors of Jefferson Davis County (Miss.), 158 So. 344. In the case of Merchants' Bank & Trust Co. v. Scott County, supra, the order recited that legal notice had been given,

but the proof of publication showed only two weeks' publications, whereas the law requires three weeks, and the court held that such publication was insufficient, and that legal advertisement had not been made.

It is clear from what we have said, and from these cases cited, that the court below was correct in its holding.

It is incumbent upon persons or corporations making contracts with a county to see that they are legal contracts.

It is urged here that it should be presumed that the board of supervisors has done what the law requires it to do. However much force there may be in this argument, considered independently of the decisions of this court, in view of the history of the court for a long series of years, and of the statutes which have been re-enacted, after court decisions construing them, in such form as to incorporate said decisions, we must hold that the judgment of the court below is correct, and it is affirmed.

Affirmed.