CLAYTON *et al. v.* PADEN, CHANCERY CLERK, *et al.*

(In Banc.  April 23, 1945.)

[21 So. (2d) 823.  No. 35835.]

**W. J. Evans** and **Paul M. Moore**, both of Calhoun City, for appellants.

**George Bean,** of Okolona, for appellees.

**McGehee, J.,** delivered the opinion of the court.

The Mississippi Oil Corporation, the assets of which are now owned by the appellants, F. L. Clayton and Mrs. Velma B. Clayton, was allowed payment of certain claims at the November 1938 meeting of the board of supervisors of Chickasaw County under the terms of the following order :

"Be and it is hereby ordered by the Board that the following claims be and they are hereby allowed and the Clerk of this Board is hereby authorized to issue warrants therefor:

"C—#1324, Miss. Oil Corp. Supplies, Fund No. 1,
Laws 1932, Chapter 196, ..................$131.21

"C—#1271, Miss. Oil Corp. Supplies Fund No. 1,
Laws 1932, Chapter 196 ..................$114.30

"C—#351, Miss. Oil Corp. Supplies Fund No. 1,
Laws 1932, Chapter 196, .................$ 55.49."

Thereafter, the appellee, J. C. Paden, chancery clerk, acting as clerk of the board of supervisors, and with the acquiescence and approval of the members of said board, refused to issue warrants for the payment of said claims, respectively; and, wherefore, the appellants filed this proceeding for a writ of mandamus to compel the payment of the same, making the clerk and members of the board parties thereto, and alleging that there were ample funds on hand in the county treasury for the payment thereof, and that otherwise the petitioners were entitled to have the said judgment, which had duly allowed the claims and is unappealed from, paid in one of the methods provided for by law.

The defendants filed a demurrer to the petition, which averred numerous grounds therefor, none of which were well taken, and the trial court so held and overruled the same.

Thereupon, the defendants filed the plea of the general issue to the petition for mandamus and gave a notice of special matter which they intended to prove thereunder, and reiterating therein the defenses theretofore set up in the demurrer which the court had overruled.

The petitioners then demurred to the general issue plea and moved to strike the notice, both of which were overruled, and with the result that the case stood for trial on its merits. The petitioners then introduced the judgment of the board and rested their case; and whereupon, the defendants also rested, and the court dismissed the peti-

tion, on the ground that the judgment did not affirmatively disclose all of the jurisdictional facts to show that the supplies were sold on competitive bids, after legal advertisement, etc., under a valid contract with the board of supervisors, as a court of special and limited jurisdiction, and based its decision on the case of Jackson Equipment & Service Co. et al. v. Dunlop et al., 172 Miss. 752, 160 So. 734, wherein the purchase price of the supplies exceeded the sum of $250.

The orders of the board fully comply with the requirements of Sec. 255, Code 1930, as that section read at the time the orders were made, to-wit, at the November, 1938 Term. They refer to Chap. 196, Laws 1932, as the statute under which they were made. This chapter amended Sec. 6381, Code 1930, and is in the same terms as the amended section with the addition of a provision that road contracts should not be made so as to extend more than 30 days beyond the term of the board. The amended section took its place, therefore, in lieu of Sec. 6381 in the Code Chapter on Roads and Bridges, of which another section is Sec. 6386, Code 1930, which expressly allows that purchases ''of material, equipment and supplies to be used as provided for in this chapter, may be made without competitive bids, where the amount of such contract or purchase does not exceed the sum of $250.00.'' The orders covering the three purchases therein mentioned show on their faces that neither of them exceeded $250.

The orders show on their faces that they were not made under Sec. 6064, Code 1930, Sec. 9027, Code 1942, on which appellees rely. And since the purchases did not exceed $250, Jackson Equipment, etc., Co. v. Dunlop, 172 Miss. 752, 160 So. 734, has no application. All our cases hold that where competitive bids must be had, the order or orders must recite and adjudge the jurisdictional facts in that respect, but where the amounts in the orders show that no competitive bids were required, then the order is not required to go further and negative a fact sufficiently negatived by the amounts.

The order of the board here invoked is sufficient on its face to constitute a valid and binding judgment, the payment of which the holders thereof are entitled to compel by writ of mandamus, if the same remains unpaid, since they could neither appeal from a judgment valid on its face in their favor, nor sue on claims which had been duly allowed. The case was tried before the trial judge without a jury, and both sides having submitted the case for decision on the sufficiency of the judgment, as introduced in evidence by the petitioners, they were entitled to judgment for the relief prayed for, since the defendants elected not to offer any evidence in support of their plea and the notice of special matter thereunder.

Reversed, and judgment here for the appellants.